

1   Arogant Hollywood
    Alison Helen Fairchild
2   1308 E. Colorado Blvd.
    Pasadena, CA 91106
3   Mobile: (213) 447-8922

4   Email: causeofaction38@gmail.com

5

# UNITED STATES DISTRICT COURT

6

## DISTRICT OF THE STATE OF CALIFORNIA

7

## CENTRAL DISTRICT, WESTERN DIVISION

8

9

10

11  AROGANT HOLLYWOOD,
    ALISON HELEN FAIRCHILD,            CV17- 1143 - JAK (RAOx)
                                       Case No.
12

13            Plaintiff(s),

14       vs.                           CIVIL RIGHTS COMPLAINT

15  CARASSO FAMILY TRUST (Doing Business as

16  Studio Lodge Hotel),

17  STUDIO LODGE HOTEL,

18  DOES 1-10, INCLUSIVE,

19            Defendant(s)

20

21

22

23

24

25

26

27

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of
1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et
seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal
Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent
IIED
–Page 1 of 144

1  **VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY and INJUNCTIVE**

2  **RELIEF for: VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT of 1990 [42**

3  **U.S.C. § 12203] (retaliation, intimidation, threats, and interference of civil rights),**

4  **VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT of 1990 [42 U.S.C. §**

5  **12101, et seq.], VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 & 54.3, et seq**

6  **(denial of full and equal access); VIOLATIONS OF CALIFORNIA HEALTH & SAFETY**

7  **CODE § 19955, et. seq (denial of accessible sanitary facilities) VIOLATION OF**

8  **CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of**

9  **access to full and equal accommodation, advantages, facilities, privileges and services),**

10  **VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA**

11  **CIVIL CODE § 51.7, VIOLATION OF CALIFORNIA CIVIL CODE § 52.1,**

12  **DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [42 U.S.C. § 1981],) , ,**

13  **DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to**

14  **interfere with civil rights); § 1986 (neglect to prevent deprivation of rights); INTENTIONAL**

15  **INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INTENTIONAL INFLICTION**

16  **OF EMOTIONAL DISTRESS, CIVIL CONSPIRACY, NEGLIGENCE, NEGLIGENCE**

17  **SUPERVISION and/or RETENTION,**

18

19      This lawsuit is brought due to violations by Defendants of, inter alia, public access laws

20  under the ADA, structural physical barriers for access by a disabled Alison Helen Fairchild.

21      Defendants' conduct is and was a pattern and practice of intentional exclusion of a African-

22  American man and his disabled fiancée, due to protected characteristics of race, gender, and

23  disability in direct violation of provisions of the Americans with Disabilities Act of 1990 ("ADA"),

24  42 U.S.C. § 12101, ET SEQ., the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1985, 1986 and, and

25  the egregious actions undertaken by Defendants and/or those acting under their association or

26  affiliation with Defendants against a black man protected from discrimination under the above

27

28  stated statutes, and a disabled woman named Alison Helen Fairchild.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 2 of 144

1    Defendants Carasso Family Trust and Studio Lodge Hotel violated state laws by their

2    negligence, negligent retention and/or supervision, negligent intentional infliction of emotional

3    distress, intentional infliction of emotional distress, civil conspiracy, gross negligence, breach of

4    quiet enjoyment, and breach of the warranty of habitability.

5    Defendants on several occasions intentionally discriminated against Plaintiff Arogant

6    Hollywood, an African-American. Defendants discriminated against Plaintiff Hollywood by telling

7    him he would have to check out in 28 days, by failing to repair his residential hotel room and by

8    requesting that he vacate his residential hotel room whenever Plaintiff Hollywood made a complaint

9    about excessive noise, especially after 10 p.m. Defendants Carasso Family Trust and Studio Lodge

10   Hotel retaliated against Arogant Hollywood for making complaints about loud guest. By Plaintiffs

11   filing written city of Los Angeles and county of Los Angeles reports about health hazards and

12   uninhabitable conditions of the Defendants' public accommodation called Studio Lodge Hotel.

13   Defendants on several occasions intentionally discriminated against Plaintiff Alison Helen

14   Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever., every time

15   she attempted to request a reasonable public accommodation. Defendants intentionally

16   discriminated against Ms. Fairchild by failing to move her to an ADA accessible handicapped room,

17   and Defendants were grossly negligent by not renovating the Studio Lodge Hotel to include at least

18   three wheelchair accessible residential hotel rooms that could be occupied by disabled persons

19   protected under the federal laws of Title II of the American Disabilities Act of 1990.

20   Congress enacted the Civil Rights Act of 1964 to stop discrimination against minorities,

21   including people of African-American descent. The ADA was enacted because of pervasive

22   discrimination against disabled persons and because discrimination is "a serious and pervasive

23   social problem… [that includes] various forms of discrimination, including outright intentional

24   exclusion." "42 U.S.C. § 12101 (a) (7). Congress explained, "individuals with disabilities are a

25   discrete and insular minority who have been… relegated to a position of political powerlessness in

26   our society. "42 U.S.C. § 12101. Despite the political powerlessness disabled people have in our

27   society when bringing civil rights suits against corporations, Plaintiffs Arogant Hollywood and

28   Alison Helen Fairchild are determined to stop Defendants' discriminatory actions and omissions.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 3 of 144

Defendants were negligent and grossly negligent by intentionally placing Plaintiffs in an inhabitable residential hotel room.

Defendants were negligent and grossly negligent by intentionally placing Plaintiff Alison Helen Fairchild in a residential hotel room in which she could not even get inside of the bathroom without crawling out of her wheelchair.

Defendants were negligent and grossly negligent by threatening to remove both Plaintiffs for making complaints about loud guest, and by making reports to city and counties agencies about the conditions of Studio Lodge Hotel.

## FEDERAL CIVIL COMPLAINT OF AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD, INDIVIDUALLY

Plaintiffs **AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD** individually bring this action against Defendants Carasso Family Trust and Studio Lodge Hotel. The Plaintiffs hereby allege as set forth below:

## PARTIES TO THE ACTION

1.      Plaintiff **AROGANT HOLLYWOOD** is and was a resident of Los Angeles, California at all relevant times. Mr. Hollywood lived at the Studio Lodge Hotel from January 27th 2017 until the present time of the filing of this lawsuit. At all relevant times stated throughout this lawsuit Arogant Hollywood was a residential tenant at Studio Lodge Hotel and was current on his rent every single week of his residential hotel stay. The Studio Lodge Hotel is located at 11254 Vanowen Street, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an African-American male individual over the age of 18 years-old and a resident of the state of California.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 4 of 144

2.      Plaintiff **ALISON HELEN FAIRCHILD** is and was a resident of Los Angeles, California at all relevant times. Ms. Fairchild lived at the Studio Lodge Hotel from January 27th 2017 until the present time. At all relevant times stated throughout this lawsuit Alison Helen Fairchild was a residential tenant at the Studio Lodge Hotel and was current on her rent every single week of her residential hotel stay. The Studio Lodge Hotel is located at 111254 Vanowen Street, Los Angeles, California, the neighborhood of North Hollywood,

Plaintiff **ALISON HELEN FAIRCHILD** is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff **ALISON HELEN FAIRCHILD** is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff Alison Fairchild has severe brain damage, chronic arthritis all over her entire body, spinal meningitis, multiple sclerosis and constant joint inflammation, pain and swelling. In addition, Plaintiff Fairchild suffers from and was diagnosed with multiple sclerosis, which attacks her brain, and during intense emotional distress, leads to migraines caused by addition legions formed on her brain. Plaintiff **ALISON HELEN FAIRCHILD** requires the use of a wheelchair to travel about in public. Consequently, plaintiff **ALISON HELEN FAIRCHILD** is a member [1] of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§ 51 and 51.5 the Disabled Persons Act, Civil Code § 54, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

3.      Defendant **Studio Lodge Hotel** is a residential hotel located in the city of Los Angeles, CA.

Studio Lodge Hotel has violated ADA laws pursuant to 42 U.S.C. § 12181. The Studio Lodge Hotel

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED

operates illegally by requiring hotel guests to check out every 28 days in direct violation of

California Civil Code § 1940.1(a). This statute states the following: No person may require an

occupant of a residential hotel as defined in Section 50519 of the Health and Safety Code, to move,

or to check out and reregister, before the expiration of 30 days occupancy status pursuant to

paragraph (1) of subdivision (b) of Section 1940. Evidence that an occupant was required to check

out and reregister shall create rebuttable presumption, which shall affect solely the burden of

producing evidence, of the purpose referred to in this subdivision. Defendant **Studio Lodge Hotel**

jurisdiction lies within the state of California. Defendant Studio Lodge Hotel is a public

accommodation known as Studio Lodge Hotel, located at 11254 Vanowen Street, Los Angeles,

California, or of the building and/or buildings which constitute said public accommodations. At all

times, relevant to this complaint, Defendant Studio Lodge Hotel and DOES 1-20, inclusive, were

jointly and severally responsible for identifying and removing architectural barriers at the subject

STUDIO LODGE HOTEL, pursuant to Code of Federal Regulations title 28, section 36.201(b),

which states in pertinent part:

§ 36.201 General

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a

place of public accommodation and the tenant who owns or operates the place of public

accommodation are public accommodations subject to the requirements of this part. As between the

parties, allocation of responsibility for complying with the obligations of this part may be

determined by lease or other contract.

28CFR § 36.201(b)


4.      Defendant Carasso Family Trust which does business as public accommodation Studio

Lodge Hotel. Upon checking business records with the Secretary of State Plaintiffs were told by

California state government employees that Carasso Family Trust is currently unincorporated in the

state of California. The city of Los Angeles clerk's office has a business license for a hotel located

at: 11254 Vanowen Street, Los Angeles, CA, and this business license says that Studio Lodge Hotel

is owned by Defendant Carasso Family Trust.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 6 of 144

5.      Plaintiffs are unaware of the true names of Defendants listed as DOES 1 through 20, inclusive, and therefore sued them by the foregoing names which are fictitious. Plaintiffs will amend this Complaint by inserting the true names in lieu of said fictitious names, together with apt and proper charging words, when said true names are ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible and liable to Plaintiffs in some manner for the events, happenings, and contention referred to in this Complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

6.      Plaintiffs Arogant Hollywood and Alison Helen Fairchild are informed and believe and thereon allege that each Defendant, including DOES 1 through 20, inclusive, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct, and/or omissions, by each other Defendant. Plaintiffs are informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiffs' damages as alleged in this complaint were proximately caused by those defendants.

## **JURISDICTION AND VENUE**

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 7 of 144

7.     This action arises from a violation, inter alia, of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, 12203, 12181, *et seq.*, discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1985 and 1986. Plaintiffs also seek redress of violations of state law rights and/or federal law rights via the supplemental jurisdiction of this Court.

8.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367(a). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202, and 1343.

9.     Venue is proper pursuant to 28 U.S.C. § 1391 because at least one of the defendants resides within this District and because all the acts for which Plaintiffs complains occurred in the city of Pomona, within the State of California.

10.     Personal jurisdiction is proper over each of the defendants because they are either domiciled in the State of California and/or have regularly transacted business in the State.

11.     To maintain an action under 42 U.S.C. § 1985, Plaintiffs Arogant Hollywood and Alison Helen Fairchild need not first exhaust administrative or state remedies. Neither does the availability of a state remedy preclude Mr. Hollywood and Ms. Fairchild from seeking relief under the Civil Rights Act, when the Complaint otherwise states a claim. See *Hazzard v. Weinberger, 383 F. Supp. 255 (1974), affirmed 512 F.2d 1397 (2nd Cir. 1975)* or state court remedies *(Burt v. City of New York, 156 F.2d 791 (1946))*.

## PRELIMINARY FACTUAL ALLEGATIONS REGARDING ADA VIOLATIONS

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 8 of 144

12.     Plaintiff Alison Helen Fairchild, is and was a paying residential tenant of subject property Studio Lodge Hotel, and that the interests of Plaintiff Alison Helen Fairchild in removing architectural barriers at the subject real estate property advance the purposes of all other disabled persons to assure that all public accommodations, including the subject Studio Lodge Hotel, are accessible to independent use by mobility-impaired persons.

13.     The Studio Lodge Hotel is a residential hotel, located at 11254 Vanowen Street, Los Angeles, California. The Studio Lodge Hotel location, its back and front entrance, all interiors and exteriors of its residential hotel rooms and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the Studio Lodge Hotel, and each of its facilities, its front and back entrances and all interiors and exteriors of its residential hotel rooms, to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

14.     At all times stated herein, plaintiff Alison Helen Fairchild was a disabled ambulatory woman that cannot walk whatsoever.

15.     At all times referred to herein and continuing to the present time, Defendants, and each of them, advertised, publicized and held out the 11254 Vanowen Street, Studio Lodge Hotel location as being handicapped accessible and handicapped usable.

16.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild has been unable to push and maneuver her manual wheelchair inside of the bathroom of her residential hotel room, located at subject real estate property Studio Lodge Hotel.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 9 of 144

17.     At said times and place, plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to move forward as the bathroom in her residential hotel room was not accessible. Ms. Fairchild was unable to access her bathroom while being seated in her manual wheelchair.

18.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild while entering her residential hotel room bathroom in her mobility assistance device, needed to crawl out of her wheelchair and crawl inside of her bathroom to complete urinating and releasing feces from her frail and disabled body.

19.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to move forward as the bathroom in her residential hotel room was not accessible. Ms. Fairchild was unable to access her bathroom while being seated in her manual wheelchair.

20.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and turn around in the kitchen of her residential hotel room.

21.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver and turn around in her kitchen as the kitchen in her residential hotel room was not accessible. Ms. Fairchild was unable to access her kitchen while being seated in her manual wheelchair.

22.     On or about January 27th 2017 until the present time, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and turn around in the living room of her residential hotel room.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 10 of 144

23.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver and turn around in her living room as the living room in her residential hotel room was not accessible. Ms. Fairchild was unable to access her living room while being seated in her manual wheelchair.

24.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and enter and exit her the front door of her residential hotel room.

25.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver and turn around to enter and exit the front door of her residential hotel room because it was not accessible. Ms. Fairchild was unable to access, by entering and exiting her residential hotel room while being seated in her manual wheelchair.

26.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and enter the Studio Lodge Inn on its back entrance due to a lack of handicap curb ramp.

27.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and exit the Studio Lodge Hotel on its back entrance due to a lack of handicap curb ramp.

28.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and enter the Studio Lodge Inn on its front entrance due to a lack of handicap curb ramp.

29.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and exit the Studio Lodge Hotel on its front entrance due to a lack of handicap curb ramp.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 11 of 144

30.     On January 27th 2017 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and enter the Studio Lodge Hotel's laundromat to wash her clothing due to a lack of handicap outside ramp.

31.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver and gain access to the Studio Lodge Hotel main entrance near her residential hotel room because the building entrance was not accessible. Ms. Fairchild was unable to access the closest Studio Lodge Hotel entrance to her residential hotel room while being seated in her manual wheelchair.

32.     On January 26th 2017 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair safely, and exit the Studio Lodge Hotel due to a lack of handicap curb ramp.

33.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver and safely depart from the Studio Lodge Hotel main exit near her residential hotel room because the building exit was not accessible. Ms. Fairchild was unable to access the closest Studio Lodge Hotel exit to her residential hotel room while being seated in her manual wheelchair.

34.     Thereafter on or about January 28th 2017, Plaintiff's fiancée Arogant Hollywood called Studio Lodge Hotel's headquarters in Los Angeles, California by dialing (818) 760-2735, and spoke with Studio Lodge Hotel management about said ongoing unlawful activities of said Defendants.

Plaintiff Hollywood told Studio Lodge Hotel management person that his fiancée was ill and disabled and needed to be immediately moved into an ADA accessible handicap residential hotel

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 12 of 144

room. Plaintiffs Alison Helen Fairchild and Arogant Hollywood were told that Studio Lodge Hotel did not have any handicapped rooms whatsoever.

35.     Therefore, at said times and place, Plaintiff Alison Helen Fairchild, a person with a disability, encountered the following inaccessible elements of the subject STUDIO LODGE HOTEL location. which constituted architectural barriers and a denial of the proper [2] and legally-required access to a public accommodation to persons with physical disabilities, in addition to deliberate ADA violations for building and renovating several new residential hotel rooms after 1990 installing ADA accessible standards in place, including, but not limited to:

    a. lack of a handicapped-accessible curb ramp

    b. deliberately and intentionally placing and keeping a disabled Alison Helen Fairchild in a
       very inaccessible residential hotel room.

    c. On personal knowledge, information and belief, other public facilities and elements too
       numerous to list were improperly inaccessible for use by persons with physical disabilities.

36.     At all times stated herein, the existence of architectural barriers at Defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

37.     On February 13th 2017, Defendants were served a copy of California judicial form disability access litigation advising STUDIO LODGE HOTEL of the existence of architectural barriers. Said document is attached hereto as Exhibit "1" and incorporated by reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

38.     At all times stated herein, Defendants Carasso Family Trust and Studio Lodge Hotel, and each of them, were "negligent per se" in not removing architectural barriers determined by the

Department of Justice to be considered a safety concern/safety hazard where it was readily

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 13 of 144

achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore, as a legal result of defendants' breach of duty to remove those barriers encountered by plaintiff Alison Helen Fairchild, Plaintiff suffered mental anguish, frustration, and severe emotional distress.

39.     As a legal result of Defendants Carasso Family Trust and Studio Lodge Hotel, a fictitious California corporation (Doing Business As Studio Lodge Hotel), which is not a legitimate California corporation, and DOES 1-20, inclusive failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to Plaintiff Alison Helen Fairchild using  a walkway just outside of her residential hotel room and a nonexistent handicap curb ramp outside of its subject STUDIO LODGE HOTEL, and by placing and keeping Alison Helen Fairchild inside of inaccessible residential hotel room, and other persons with disabilities, Plaintiff Alison Helen Fairchild suffered [3] the damages as alleged herein.

40.     As a further legal result of the actions and failure to act of Defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Plaintiff Alison Helen Fairchild was denied her civil rights to full and equal access to public accommodations that were supposed to be provided by law as a matter of right at subject real estate property STUDIO LODGE HOTEL. Plaintiff **ALISON HELEN FAIRCHILD** suffered a loss of her civil rights and her rights as a person with physical disabilities to full and equal access to public accommodations, and further suffered bodily injury between January 27th 2017 until the present day, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers)., physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to Alison

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 14 of 144

Fairchild's damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress above what Ms. Fairchild should receive for her suffering that which is associated with the discrimination and physical injuries claimed, and a legal expert testimony may be completed regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

41.     Defendants Studio Lodge Hotel and each of its failure to remove the architectural barriers complained of herein created and its continuance unlawful tactics to rent inaccessible residential hotel rooms to disabled persons, at the time of Plaintiff Alison Helen Fairchild's first visit to said public accommodation/location, and Defendant continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff Alison Helen Fairchild harm as stated herein.  Since Plaintiffs served a copy of California judicial for DAL-001. Absolutely no changes or renovations have been made to correct the architectural barriers still stubbornly in place at the subject STUDIO LODGE HOTEL. Both inside of its residential hotel rooms, as well as throughout the entrance and exit of all its buildings. The Studio Lodge Hotel has foolishly only made changes in its hotel staff, not its buildings.

42.     Plaintiff **ALISON HELEN FAIRCHILD** was denied her rights to equal access to a public facility by Defendants Carasso Family Trust, Studio Lodge Hotel and DOES 1-20, inclusive, because Defendants maintained a STUDIO LODGE HOTEL subject residential real property location at 11254 Vanowen Street, without access for persons with physical disabilities to its back and front entrance/exit and other public areas, renting and placing disabled persons into residential hotel rooms that do not at all conform to state and federal ADA laws, as stated herein, and Defendant continues  [4]  to the date of filing this complaint to deny equal access to Plaintiff Alison Helen Fairchild and other persons with physical disabilities in these and other ways.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 15 of 144

43.     On information and belief, construction alterations carried out by Defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

44.     Plaintiff Alison Helen Fairchild, as described herein below, seek injunctive relief to require the STUDIO LODGE HOTEL to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as Defendants operate its STUDIO LODGE HOTEL as a residential hotel, and make appropriate alterations to avoid blocking disabled persons from accessing the entire residential hotel, and creating numerous ADA violations throughout its 11254 Vanowen Street location. Plaintiff Alison Helen Fairchild seek damages for violation of her civil rights beginning on January 27th 2017 and continuing until the present day, and plaintiff Alison Helen Fairchild seek statutory damages of not less than $ 4,000, pursuant to Civil Code § 52(a) or alternatively $ 1000 pursuant to Civil Code § 54.3, for each day she stayed at the subject STUDIO LODGE HOTEL that Plaintiff Alison Helen Fairchild was unable to safely access her kitchen, bathroom, front door, living room and entrance/ exit of all Studio Lodge Hotel buildings and suffered physical pain and emotional distress because of her, encounters, experiences, knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

45.     On information and belief, Defendants Carasso Family Trust and Studio Lodge Hotel have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all said barriers. With the Defendant's attorney stating that his clients do not operate a residential hotel, and therefore exempt from following city, county, state and federal laws.

46.     On information and belief, Defendants Carasso Family Trust and Studio Lodge Hotel have been negligent in their affirmative duty to identify the physical barriers complained of herein and

negligent in the context of Defendants intentionally failing to repair building defects and renting out
Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 16 of 144

inaccessible residential hotel rooms for several years prior to the Plaintiff Alison Helen Fairchild suing unlawful acting Defendants Carasso Family Trust and Studio Lodge Hotel.

47.     Because of Defendants' violations, Plaintiff Alison Helen Fairchild and other persons with physical disabilities are unable to use public facilities and public accommodations such as those owned and operated by Defendants Carasso Family Trust and Studio Lodge Hotel. on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code § 54.1 and Health & Safety Code § 19955, et seq. and other accessibility law as plead herein. Plaintiff Alison Helen Fairchild seek an order from this court compelling Defendant to make all parts of STUDIO LODGE HOTEL, location 11254 Vanowen Street, accessible to persons with disabilities.

48.     Because of Defendants' violations, Plaintiff Alison Helen Fairchild and other persons with physical disabilities are unable to use bathrooms, kitchens, living rooms, front doors and entrances/exits of subject STUDIO LODGE HOTEL buildings on a "full and equal" basis unless such unlawful business operations and activities cease, and compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code § 54.1 and Health & Safety Code § 19955, et seq. and other accessibility law as plead herein, and ENFORCED, Defendants Carasso Family Trust and Studio Lodge Hotel continue its illegal activities. Plaintiff Alison Helen Fairchild seek an order from these court compelling Defendants' owned STUDIO LODGE HOTEL residential hotel location 11254 Vanowen Street, to make many of its residential hotel rooms accessible for all disabled persons, and to make the entrances and exits to all its buildings accessible to all disabled persons.

49.     On information and belief, Defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of Defendants Carasso Family Trust and Studio Lodge Hotel , and each of them, in failing to provide the required accessible public

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 17 of 144

1 facilities and public accommodations, willfully refusing to move Alison Helen Fairchild to a

2 wheelchair accessible room, and Ms. Fairchild suffering numerous injuries, indicate actual and

3 implied malice toward Plaintiff Alison Helen Fairchild, and despicable conduct carried out by

4 Defendants, and each of them, with a willful and conscious disregard for the rights and safety of

5 Plaintiff Alison Helen Fairchild and other similarly situated persons, and justify a trembling of

6 damages as provided by Civil Code §§ 52(a) and 54.3, in order to profound example of Defendants,

7 and each of them, to other operators of other residential hotels and other public facilities, and to

8 punish Defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54., and to punish

9 said Defendants Carasso Family Trust and Studio Lodge Hotel by way of substantial punitive

10 damages.

11

12 50.     Plaintiff Alison Helen Fairchild is informed and believe and therefore allege that Carasso

13 Family Trust, Studio Lodge Hotel and DOES 1-20, Inclusive, and each of them, caused the subject

14 building(s) which constitute the subject real estate property STUDIO LODGE HOTEL location to

15 be constructed, altered and maintained in such a manner that persons with physical disabilities were

16 denied full and equal access to, within and throughout said building(s) of the STUDIO LODGE

17 HOTEL and were denied full and equal use of said public facilities. Furthermore, on information

18 and belief, defendants have continued to maintain and operate said STUDIO LODGE HOTEL

19 location and/or its building(s) in such conditions up to the present time, despite actual and

20 constructive notice to such Defendants that the configuration of the STUDIO LODGE HOTEL

21 and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as

22 Plaintiff Alison Helen Fairchild, and the disability community which she represents. Such

23 construction, modification, ownership, operation, maintenance and practices of such public facilities

24 are in violation of Civil Code §§ 51, 51.5 and 54, Health and Safety Code § 19955, and the ADA, 42

25 U.S.C. § 12101, et seq. h

26

27 51.     On personal knowledge, information and belief, the basis of Defendants Carasso Family

28 Trust and Studio Lodge Hotel actual and constructive notice that the physical configuration of the

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 18 of 144

facilities including, but not limited to, architectural barriers constituting the STUDIO LODGE

HOTEL location at 11254 Vanowen Street and/or building(s) was in violation of the civil rights of

persons with physical disabilities, such as Plaintiff Alison Helen Fairchild, includes, but is not

limited to, communications with STUDIO LODGE HOTEL employees, pass byers, guests, and

tenants, the Plaintiff Alison Helen Fairchild, a paying residential hotel tenant of STUDIO LODGE

HOTEL. Defendants Carasso Family Trust and Studio Lodge Hotel has not yet obtained and

received notices from governmental agencies regarding modification, improvement, or substantial

repair of the subject premises and other properties owned by Carasso Family Trust and Studio

Lodge Hotel. However, Defendants Carasso Family Trust and Studio Lodge Hotel, and its attorneys

of record) has for many years read newspaper articles and trade publications regarding the

Americans with Disabilities Act of 1990 and other access laws, public service announcements by

former U.S. Attorney General <u>Janet Reno</u> between 1993 and 2000, and other similar information.

Defendants' failure, under state and federal law, to make the STUDIO LODGE HOTEL location

11254 Vanowen Street. accessible, and cease building and renovating new residential hotel rooms

without installing ADA accessibility, by renting inaccessible rooms to persons with physical

disabilities, is further evidence of Defendants' conscious disregard for the rights of Plaintiff Alison

Helen Fairchild and other similarly situated persons with disabilities. Despite being informed of

such effect on Plaintiff Ms. Fairchild and other persons with physical disabilities due to the lack of

accessible facilities, Defendants, and each of them, knowingly and willfully refused to take any

steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with

physical disabilities to its retail store location. Said defendants, and each of them, have continued

such practices, in conscious disregard for the rights of plaintiff Alison Helen Fairchild and other

persons with physical disabilities, up to the date of filing of this original complaint, and continuing

thereon. Defendants Carasso Family Trust and Studio Lodge Hotel. and its attorneys of record had

further actual knowledge of the architectural barriers referred to herein by virtue of the important

advisory information for building owners and tenants) Cal. Judicial Form DAL-001) addressed to

the Defendants and served concurrently with the summons and complaint. Said conduct, with

knowledge of the effect it was and is having on Plaintiff Alison Helen Fairchild and other persons

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 19 of 144

1   with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and

2   safety of Plaintiff Alison Helen Fairchild and of other similarly situated persons, justifying the

3   imposition of treble damages per Civil Code §§ 52 and 54.3, and punitive damages.

4

5   52.    Plaintiff Alison Helen Fairchild, on behalf of herself and the disability community which she

6   wholeheartedly represents, consisting of persons with disabilities, would and could live peacefully

7   and happily at the subject public accommodation when it is made accessible to persons with

8   disabilities.

9

10  53.    Plaintiff Alison Helen Fairchild, on behalf of herself and the disability community which she

11  wholeheartedly represents, consisting of persons with disabilities, would, could rent an accessible

12  residential hotel room at STUDIO LODGE HOTEL once all physical barriers are removed that are

13  currently preventing Ms. Fairchild from freely traveling and maneuvering in her wheelchair, or any

14  other persons with disabilities.

15

16  ## GENERAL ALLEGATIONS OF COMPLAINT ON BEHALF OF BOTH

17  ## PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD

18

19  54.    On January 27th 2017 Arogant Hollywood and Alison Helen Fairchild moved into the Studio

20  Lodge Hotel located at 11254 Vanowen Street in the city of Los Angeles. The unidentified male

21  manager stated that there were no handicap rooms available and that he could therefore only rent the

22  Plaintiffs a non-handicap room. The Plaintiffs took the male manager's offer because they were

23  currently homeless, and had nowhere else to live at that present time. Both Plaintiffs were required

24  to fill out paperwork that stated that their stay at the Studio Lodge Hotel would end after 28 days of

25  residency, a direct violation of Cal Code Civ § 1940.1.

26

27

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 20 of 144

55.     Several times between January 27th 2017 and February 11th 2017 Plaintiff Arogant Hollywood had to complaint about excessive noise coming from nearby residential hotel rooms, and noise coming from the office of Studio Lodge Hotel.

56.     On February 6th 2017 Arogant Hollywood found and killed a cockroach inside of his residential hotel room. The cockroach was caught on video as well.

57.     On or about January 27th 2017 Plaintiff Arogant Hollywood made a complaint about the window being broken inside of his room, and the heater not working.

58.     On February 8th 2017 Plaintiff Arogant Hollywood found and killed a cockroach he witnessed crawling on the side of his residential hotel room's refrigerator.

59.     At least fifteen days of the months of January and February 2017 Alison Helen Fairchild told her fiancé Arogant Hollywood that she was frustrated, falling to the floor, and hurting herself and just plain stressed out that it was so difficult for her to enter and exit her residential hotel room's very narrow bathroom. Plaintiff Fairchild told Plaintiff Hollywood that she constantly hurt her shoulder while transferring in and out of her manual wheelchair when having to crawl in and out of her Studio Lodge Hotel room's bathroom.

60.     Many times, between February 1st 2017 and February 10th 2017 Plaintiff Arogant Hollywood had to make a complaint about loud excessive noise coming from Studio Lodge Hotel room 106. After making several complaints about guests in room 106 for over a week, and seeing that Studio Lodge hotel management had still not ask these nuisance guest to check out, Plaintiff Hollywood contacted the police.

61.     On February 9th 2017 Plaintiff Arogant Hollywood contacted the city of Los Angeles

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 21 of 144

1  business license department by dialing 1-844-663-4411. Plaintiff Hollywood spoke to an employee

2  who told him that the Studio Lodge Hotel had a tax ID number under the name Carasso Family

3  Trust.

4

5  62.     On February 9th 2017 Plaintiff Arogant Hollywood contacted the city of Los Angeles

6  Department of Building and Safety by dialing 1-866-557-7368. The city agency told Plaintiff

7  Hollywood that during an inspection in December 2016 over 100 code violations were discovered

8  throughout the real subject property of Studio Lodge Hotel. The code enforcement agency also

9  stated that Studio Lodge Hotel was told to fix all those 100 violations. As of February 11th 2017 all

10  of the Studio Lodge Hotel's city of Los Angeles building and safety violations had not been

11  rectified and alleviated.

12

13  63.     On February 10th 2017 a county of Los Angeles environmental health inspector discovered

14  several violations by Studio Lodge Hotel while conducting an inspection of Plaintiffs' residential

15  hotel room.

16

17  64.     On February 10th 2017 upon Plaintiff Hollywood checking with the California secretary of

18  state's office he learned that Carasso Family Trust and Studio Lodge Hotel were not incorporated in

19  the state of California. On the California secretary of state website's business search no records were

20  found for corporation, limited partnership or limited liability companies for Studio Lodge Hotel

21  and Carasso Family Trust.

22

23

24  65.     On February 10th 2017 at approximately 7:30 p.m. Plaintiff Arogant Hollywood had to

25  contact the L.A.P.D. after Studio Lodge Hotel guests' in room 106 continued to make loud and

26  excessive noise for several hours. Despite alerting the front desk of Studio Lodge Hotel. Defendants

27  failed to contact law enforcement themselves. The incident number was documented as 4337.

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
−Page 22 of 144

66.     On February 10th 2017 Plaintiffs Arogant Hollywood and Alison Helen Fairchild went to the front desk of the Studio Lodge Hotel to pay for his rent in advance for the period of February 17th to February 24th 2017. Both Plaintiffs were told by a female manager that the Studio Lodge Hotel would not be accepting more rental payments from Plaintiffs Arogant Hollywood and Alison Helen Fairchild and that both Plaintiffs would have to check out of the Studio Lodge on February 17th 2017. The Studio Lodge hotel female manager also stated that if both Plaintiffs did not peacefully vacate their residential hotel room on February 17th 2017 the police would be called and they would be prosecuted for trespassing. Studio Lodge Hotel stated the following word for word: *"On February 17th you must check out or we will contact the police to have you both removed."*

67.     On the early morning of February 11th 2017 at approximately 12:30 a.m. Plaintiffs Arogant Hollywood and Alison Helen Fairchild were awakened by loud music. Once Plaintiff Arogant Hollywood left his room he discovered the excessive noise was coming from the front office. The front office employee told Plaintiff Hollywood that he thought that it was amazing that he could hear the music all the way down in room 108. This excessive noise has occurred many times throughout the entire stay of Plaintiffs, and often the excessive noise comes from Studio Lodge Hotel employees or the loud guests that are speaking to after 10 p.m. at night.

**FIRST CAUSE OF ACTION---RETALIATION, INTIMIDATION, THREATS, AND INTERFERENCE IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. § 12203 ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE**

68.     Plaintiff Alison Helen Fairchild reincorporates by reference each and every allegation stated in paragraphs 1-67 above.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 23 of 144

69.     Plaintiff Alison Helen Fairchild has no adequate remedy at law in that damages are insufficient to protect the public and plaintiffs for the present harm caused by conditions described in this Complaint.

70.     Plaintiff Alison Helen Fairchild is disabled within the means of ADA, ambulatory and unable to walk whatsoever.

71.     Plaintiff Alison Helen Fairchild engaged in conduct protected by the ADA, including but not necessarily limited to requesting reasonable accommodations from STUDIO LODGE HOTEL employees and managers to move her to ADA approved accessible residential hotel room which Defendants Carasso Family Trust and Studio Lodge Hotel employees knew were not all readily available. Defendants oversaw completion of a renovations of Studio Lodge Hotel between 2005 and 2010, yet failed to install one single handicapped room, long before a lawsuit was filed against them.

72.     42 U.S.C. § 12203(a) prohibits retaliation against any individual because the person opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(b) further provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed… any right granted or protected by this Chapter."

73.     Defendants Carasso Family Trust and Studio Lodge Hotel violated U.S.C.S. § 12203 by telling plaintiff Alison Helen Fairchild that she would have to vacate her residential hotel room permanently without cause of engaging in any wrongdoing whatsoever.

74.     Defendants Carasso Family Trust and Studio Lodge Hotel violated U.S.C. § 12203 by its interference with the ADA rights of a non-ambulatory Alison Helen Fairchild by deliberately and

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 24 of 144

1    intentionally refusing to relocate Ms. Fairchild to a handicapped residential hotel room and

2    retaliating against her when she contacted housing authority and her fiancé Arogant Hollywood

3    contacted city of Los Angeles business license department and code enforcement.

4

5    75.     Defendants Carasso Family Trust and Studio Lodge Hotel violated U.S.C.S. § 12203 by

6    its conduct, including but not necessarily limited to, refusing to move Alison Helen Fairchild to a

7    handicapped room, threatening to have her removed from her residential hotel room by law

8    enforcement and keeping her in inaccessible residential hotel room that was infested with

9    cockroaches.

10

11   76.     Defendants Carasso Family Trust and Studio Lodge Hotel Inc violated U.S.C.S. § 12203 by

12   its interference with the ADA rights of an ambulatory Alison Helen Fairchild by conspiring and

13   planning to forcefully remove Ms. Fairchild, which would cause her to be homeless on the

14   dangerous and cold streets of Los Angeles county.

15

16   77.     Defendants Carasso Family Trust and Studio Lodge Hotel violated U.S.C. § 12203 by its

17   conduct, including but not necessarily limited to, threatening to have her removed from her

18   residential hotel room by law enforcement, entering her residential hotel room and removing her

19   personal belongings, and using unlawful self-help tactics that included law enforcement assisting

20   them with forceful entry, and prevention of re-entry to her residential hotel room.

21

22   78.     As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff

23   Alison Helen Fairchild has suffered and continues to suffer emotional distress, and other damages in

24   an amount to be determined according to proof at the time of trial.

25

26   79.     **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants

27   Carasso Family Trust and Studio Lodge Hotel on the first cause of action of the Plaintiff Alison

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 25 of 144

1  Helen Fairchild complaint in the amount that will justly compensate Ms. Fairchild for her damages,

2  together with costs and attorneys' fees in this action.

3

4  **SECOND CAUSE OF ACTION---VIOLATION OF 42 USCS § 12101 ET SEQ.), PHYSICAL**

5  **BARRIER VIOLATIONS---ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST**

6  **DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL, & DOES 1-20,**

7  **INCLUSIVE.**

8

9  80.     Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth

10 again herein, the allegations contained in paragraphs 1-79 of this federal complaint.

11

12 81.     At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential

13 tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never

14 submitted a late rental payment whatsoever.

15

16 82.     At all relevant times, Defendants' location 11254 Vanowen Street, managers, supervisors

17 and employees were employed by Carasso Family Trust and Studio Lodge Hotel, and were fully

18 involved with the interest of having Alison Helen Fairchild discriminated against and removed from

19 its premises permanently.

20

21 83.     At all relevant times, Defendants Carasso Family Trust and Studio Lodge Hotel general

22 manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge

23 Hotel, and were fully involved with discriminating against Alison Helen Fairchild by its employees

24 failing to move Alison Helen Fairchild to a handicapped accessible residential hotel room.

25

26 84.     At all relevant times, Defendants' location 11254 Vanowen Street, general managers,

27 supervisors and employees were employed by Defendants Carasso Family Trust and Studio Lodge

28 Hotel, and were fully involved with the interest of discriminating against Alison Helen Fairchild by

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 26 of 144

1  threatening to refuse to allow her back in her residential hotel room and conspiring to forcefully

2  enter her hotel room in order to lock her out permanently.

3

4  85.    At all relevant times, Defendants Carasso Family Trust and Studio Lodge Hotel's general

5  manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge

6  Hotel and were fully involved with discriminating against Alison Helen Fairchild by its employees

7  conspiring to refuse to allow Ms. Fairchild back inside of her residential hotel room.

8

9  86.    At all relevant times, Defendants Carasso Family Trust and Studio Lodge Hotel were the sole

10  owners of STUDIO LODGE HOTEL, and at all relevant times stated throughout this lawsuit

11  Defendants Carasso Family Trust and Studio Lodge Hotel were responsible for the management,

12  guidance and leadership of subject location 11254 Vanowen Street, Los Angeles, California, stated

13  above and throughout this lawsuit.

14

15  87.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. § 12101

16  regarding persons with physical disabilities, finding that laws were needed to more fully protect:

17  some 43 million Americans with one or more physical or mental disabilities; [that] historically

18  society has tended to isolate and segregate individuals with disabilities; [that] such forms of

19  discrimination against individuals with disabilities continue to be a serious and pervasive social

20  problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality

21  of opportunity, full participation, independent living and economic self-sufficiency for such

22  individuals; [and that] the continuing existence of unfair and unnecessary discrimination and

23  prejudice denies people with disabilities the opportunity to compete on an equal basis [5]  and to

24  pursue those opportunities for which our free society is justifiably famous.

25

26  88.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42

27  U.S.C. § 12102):

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 27 of 144

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities: and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

89.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. § 12181,et seq.). Among the public [6] accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce – Check appropriate description:

(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

42 U.S.C. § 12181(7)(A)

90.     Pursuant to § 302, 42 U.S.C. § 12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

91.     The specific prohibitions against discrimination set forth in § 302(b)(2)(a), 42 U.S.C. § 12182(b)(2)(a) are:

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 28 of 144

1  (I) the imposition or application of eligibility criteria that screen out or tend to screen out an

2  individual with a disability or any class of individuals with disabilities from fully and equally

3  enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such

4  criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges,

5  advantages, or accommodations being offered;

6  (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such

7  modifications are necessary to afford such goods, services, facilities, privileges, advantages or

8  accommodations to individuals with disabilities, unless the entity can demonstrate that making such

9  modifications would fundamentally alter the nature of such goods, services, facilities, privileges,

10  advantages, or accommodations;

11  (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is

12  excluded, denied services, segregated or otherwise treated differently than other individuals because

13  of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps

14  would fundamentally alter the nature of the good, service, facility, privilege, advantage, or

15  accommodation being offered or would result in an undue burden;

16  (iv) a failure to remove architectural barriers, and communication barriers that are structural in

17  nature, in existing facilities . . . where such removal is readily achievable; and

18  (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily

19  achievable, a failure to make such goods, services, facilities, privileges, advantages or

20  accommodations available through alternative methods if such methods are readily achievable.

21  The acts of Defendants Carasso Family Trust and Studio Lodge Hotel set forth herein were a

22  violation of plaintiff Alison Helen Fairchild's rights under the ADA, Public Law 101-336, and the

23  regulations promulgated thereunder, 28 CFR Part 36, et seq. Effective January 31, 1993, the

24  standards of the ADA were also incorporated into California Civil Code § 51, making available the

25  damage remedies incorporated into Civil Code § 51 and 52(a) and 54.3.

26

27  92.    The removal of the barriers complained of by plaintiff Alison Helen Fairchild as hereinabove

28  alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) or

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 29 of 144

STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles, California, pursuant to 42 U.S.C. § 12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable. [7] " On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. § 12182 (b)(2)(A)(i)and(ii).

93.    Per 42 U.S.C. § 12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff Alison Helen Fairchild allege that properly repairing, modifying, or altering each of the items that Plaintiff complain of herein were and are "readily achievable" by the Defendants Carasso Family Trust and Studio Lodge Hotel under the standards set forth under § 301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

94.    On information and belief, construction work on, and modifications of, the subject building(s) of STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles, California, occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

95.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12188,et seq., Plaintiff Alison Helen Fairchild is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Ms. Fairchild has been subjected to discrimination on the basis of her disability in violation of this title or have reasonable grounds for believing that plaintiff Alison Helen Fairchild is about to be subjected to discrimination in violation of § 302.

Plaintiff Alison Helen Fairchild is deterred from returning to or making use of the residential hotel

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED

-Page 30 of 144

public accommodation and/or public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

96.    42 U.S.C. 12188 (a)(1) states:, "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions". Pursuant to this section, Plaintiff ALISON HELEN FAIRCHILD has not received any accessible services as advertised in the front office of Defendants Inc location 11254 Vanowen Street premises since on or about January 27th 2017.  On information and belief, Plaintiff alleges that Defendants have continued to violate the law and deny the rights of Plaintiff Alison Helen Fairchild and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC § 12188(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) … injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

97.    Plaintiff Alison Helen Fairchild seek relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff Alison Helen Fairchild will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

98.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by intentionally refusing to relocate her to ADA approved and handicapped accessible residential hotel room.

99.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS § 12101 by discriminating against Alison Helen Fairchild based on her disability.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 31 of 144

100.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS § 12101 by overseeing the building and structuring of its STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles, California residential hotel real estate property and intentionally building and constructing a building that had architectural barriers that were an intentional discrimination of Alison Helen Fairchild and countless other disabled tenants since Studio Lodge Hotel opened its 11254 Vanowen Street, Los Angeles, California residential hotel to the general public.

101.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS. § 12101 by intentionally failing to make modifications to its existing 11254 Vanowen Street location building to comply with all federal and state disability laws.

102.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by intentionally threatening to use the assistance of deadly force and unlawful self-help tactics to remove her permanently from her residential hotel room.

103.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS. § 12101 by threatening to forcefully enter Alison Helen Fairchild's residential hotel room, and place a locking mechanism on her front door.

104.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS. § 12101 by refusing to accept on time rental payments for her residential hotel room occupancy.

105.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS. § 12101 by threatening to unlawfully enter Alison Helen Fairchild's residential hotel room and remove all her personal belongings.

106.    **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 32 of 144

Carasso Family Trust and Studio Lodge Hotel and DOES 1-20, Inclusive, on the second cause of action of the Plaintiff's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**THIRD CAUSE OF ACTION---VIOLATION OF 42 USCS § 12101 ET SEQ.), DENIAL OF EQUAL ACCESS---ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE.**

107.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-106 of this federal complaint.

108.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

109.    At all relevant times, Defendants' location 11254 Vanowen Street, managers, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel and were fully involved with the interest of having Alison Helen Fairchild discriminated against and removed from its premises permanently.

110.    The American Disabilities Act of 1990 is a sweeping civil rights law designed to "provide a clear and comprehensive national mandate for the elimination of discrimination against person with disabilities." 42 U.S.C. § 12101 (b)(1). In passing the ADA, Congress expressly found:

*Unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination.*

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 33 of 144

42 U.S.C. § 12101 (a)(4). Congress enacted the ADA in light of its findings that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities. "42 U.SC. § 12101 (a)(5). Further, Congress stated that a primary purpose of the ADA is "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. "42 U.S.C. § 12101 (b)(2).

111.    A key enforcement mechanism is the statute's private right of action allowing individuals to sue for injunctive and declaratory relief. For private suits, title III of the ADA adopts the "remedies and procedures" set forth in title II of the 1964 Civil Rights Act, 42 U.S.C. § 2000a-3(a). Title II provides: "[w]henever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a[n]..injunction… may be instituted by the person aggrieved[.] "42 U.S.C. § 2000a-3(a).

112.    To succeed as a matter of law under title III of the ADA, Plaintiff Alison Helen Fairchild must prove that:

a. Defendants Carasso Family Trust and Studio Lodge Hotel owns or operates a place of public accommodations;

b. Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and

c. Defendants accommodations discriminated against Plaintiff Alison Helen Fairchild based on her disability.

42 U.S.C. § 12182(a) & 42 U.S.C. § 12182(b).

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 34 of 144

113.     Studio Lodge Hotel, at which Plaintiff Alison Helen Fairchild attempted to gain reasonable accommodations on several occasions, and which are the subject of this lawsuit is a public accommodation as the operation of such entity affects commerce and because Studio Lodge Hotel is an "inn, hotel, motel, or other place of lodging." 42 U.S.C. § 12181 (7)(A).

114.     To address this broad range of discrimination in the context of public accommodations, Congress enacted Title III, which provides in part:

*No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases (or leases to), or operates a place of public accommodation by any person who owns, leases (or leases to), operates a place of accommodation.*

42 U.S.C. § 12182. By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access to the accommodation's facilities. Congress recognized that "individuals with disabilities more than simple physical access, but also other forms of exclusion and "relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12101 (a)(5) (emphasis added); see Also H.R. Rep. No. 485, Pt. 2, 101st Cong., 2d Sess. 54 (1990) ("lack of physical access to facilities" was only one of several "major areas of discrimination that need to be addressed"); H.R. Rep. No. 485, Pt. 3, 101st Cong., 2d Sess. 54 (1990) ("It is not sufficient to only make facilities accessible and usable, this title prohibits, as well, discrimination in the provision of programs and activities conducted by the public accommodation.")

115.     For that reason, the Act applies not only to barriers to physical access to business locations, but also to any policy, practice, or procedure that operates to deprive or diminish disabled individuals' full and equal enjoyment of the privileges and services offered by the public accommodation to the public at large. 42 U.S.C. § 12182. Thus, a public accommodation may not have a policy that specifically excludes individuals with disabilities from services. 42 U.S.C. §

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 35 of 144

12182 (B)(1)(a)(I). The statute also defines "discrimination" as including:

*the imposition or application of eligibility criteria that screen out or ten to screen out an individual with a disability...from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.* 42 U.S.C. § 12182 (b)(2)(A)(i). The commentary to the implementing regulations explains that this provision "makes it discriminatory to impose policies or criteria that, while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate. "28 C.F.R. Pt. 36, App. B, p. 641 (commentary to 28 C.F.R. Pt. 36.301).

116.     A public accommodation also may not refuse to make reasonable modifications to a policy or practice that has the consequences of denying such individuals access to its services unless making a reasonable modification to that policy would fundamentally alter the nature of the services. 42 U.S.C. § 12182(b)(2)(A)(ii).

117.     Because Defendants Carasso Family Trust and Studio Lodge Hotel operate a place of public accommodation, they may not discriminate against individuals with disabilities "in the full and equal enjoyment" of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation as Defendants own, lease, lease to, or operate a place of public accommodation in violation of the ADA.  This means, among other things, that Defendants generally may not impose or apply unnecessary "eligibility criteria that screen out or tend to screen out an individual with a disability" from renting out a residential hotel, requesting to be moved to a handicapped room, request that Studio Lodge Hotel make necessary repairs and requesting quiet so that Alison Helen Fairchild could receive her needed amount of sleep.

42 U.S.C. § 12182(b)(2)(A)(i). Defendants must make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such services [or] privileges...to individuals with disabilities" unless doing so would fundamentally alter the nature of

the goods, services, facilities, privileges, advantages, or accommodations, which Plaintiff Alison
Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 36 of 144

Helen Fairchild believes Defendants Carasso Family Trust and Studio Lodge Hotel. cannot do since they provided virtually identical accommodations to other guests/tenants of Studio Lodge Hotel who were not disabled at all, in no shape or form.

118.     For an aspect of a Defendant's operation to be subject to Title III, there must be a connection between the service Plaintiff seeks and the place of public accommodation. In the words of the statute, the Act covers discrimination "in the full and equal enjoyment of the... services [or] [or] privileges...of any place or public accommodation. "42 U.S.C. § 12182(a).

119.     To be protected by the ADA one must have a disability, defined by the ADA as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (b) a record of such impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (1994); 29 C.F.R. § 1630.2(g) (1996). The ADA rule defines "mental impairment" to include "any mental or psychological disorder, such as...emotional or mental illness. "29 C.F.R. § 1630.2(H)(2) (1996).

120.     Examples of "emotional or mental illnesses" include major depression, anxiety disorders, including panic disorder, obsessive compulsive disorder, personality disorders, and post-traumatic stress order. The fourth edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders is relevant for identifying these disorders. The DSM-IV has been recognized as an important reference by courts and is widely used by American mental health professionals for diagnostic and insurance reimbursement purposes. See, e.g., *Boldini v. Postmaster Gen., 928 F. Supp. 125, 130 (1995)*, where the court held, "in circumstances of mental impairment, a court may give weight to a diagnosis of mental impairment which is described in the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association." Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", and accompanying anxiety disorders like depression, is a bona fide medical and /or mental disorder as

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 37 of 144

classified in the American Psychiatric Association's Diagnostic and Statistics Manual (DSM-IV). The American with Disabilities Act also recognizes Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion" as mental disabilities whose victims are protected. Additionally, under several ADA-related holdings, and individual would be substantially limited if his-her relations with others were characterized on a regular basis by "consistently high levels of "anxiety and depression, resulting in social withdrawal."

121.    Plaintiff Alison Helen Fairchild avers that she was a tenant at Studio Lodge Hotel long after she was diagnosed with Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

122.    Plaintiff Alison Helen Fairchild avers that she was discriminated against by Defendants Studio Lodge Hotel, and her mistreatment aggravated and elevated her mental illnesses disorders Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

123.    Plaintiff Alison Helen Fairchild avers that other similarly situated handicapped and ADA protected disabled persons will be discriminated against by Defendants Carasso Family Trust and Studio Lodge Hotel unless the court grants injunctive relief in this lawsuit.

124.    Studio Lodge Hotel is a place of public accommodation, not a private club, and that its preferences to accommodate only certain of its patrons are no justification under the Equal Protection Clause. Such preferences, no matter how widely shared by Defendants' employees and/or clientele, bear no rational relation to the suitability of a female disabled woman who suffers from Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", as a tenant worthy of accommodation of or by the Studio Lodge Hotel Defendants.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 38 of 144

125.    Based on the facts stated within this Complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity for Plaintiff Fairchild to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity, in violation of the ADA.

126.    Based on the facts stated within this Complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as it is discriminatory to afford an individual, on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals, in violation of 42 U.S.C. § 12182.

127.    Based on the facts stated within this Complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as Defendants Carasso Family Trust and Studio Lodge Hotel failed to afford to an individual with a disability accommodation in the most integrated setting appropriate to the needs of the individual, in violation of 42 U.S.C. § 123182.

128.    Based on the facts stated within this Complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild by Defendants utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination

of others who are subject to common administrative control, in violation of 42 U.S.C. § 12182.

129.    Based on the facts stated within this Complaint, Defendants discriminated against Alison Helen Fairchild as it is discriminatory to exclude or otherwise deny goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual is known to have a relationship or association, in violation of 42 U.S.C. § 12182. See *Niece v. Fitzner, 922 F. Supp 1208 (1996).*

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 39 of 144

130.    Based on the facts stated within this Complaint, Defendants Carasso Family Trust and Studio Lodge Hotel discriminated against Plaintiff Alison Helen Fairchild as Defendants Carasso Family Trust and Studio Lodge Hotel engaged in the specific prohibitions as stated in 42 U.S.C. § 12182 and elsewhere in the ADA.

131.    Based on the facts stated within this Complaint, Defendants Carasso Family Trust and Studio Lodge Hotel discriminated against Plaintiff Alison Helen Fairchild as Defendants failed to demonstrate that the removal of any barrier is not readily achievable, and made such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner, in violation of 42 U.S.C. § 12182.

132.    Plaintiff Alison Helen Fairchild has good cause to believe and in fact believes that the Defendants Carasso Family Trust and Studio Lodge Hotel will continue to operate an inaccessible facility and to enforce illegal policies and practices, which will result in figure discrimination against similarly situated disabled persons, in violation of the Americans with Disabilities Act.

133.    As part of a complete life, Plaintiff Alison Helen Fairchild wants to be able to travel and use public accommodations without restriction, which included residing at Defendants' Studio Lodge Hotel from January 27th 2017 until the present time of the filing of this federal complaint, Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' plans to initiate forceful entry, Defendants' threats of arrest and threats of false imprisonment.

134.    Defendants Carasso Family Trust and Studio Lodge Hotel have a habit of creating discriminatory policies, practices and procedures that prevent full and equal access to the public accommodation. Alison Helen Fairchild believes that, and the evidence shows that, Defendants' illegal practices will continue and will result in future discrimination against similarly situated

disabled persons, until an injunction is issued under the Americans with Disabilities Act.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 40 of 144

135.    The failure to permit a disabled person to participate in ordinary life activities, such as those afforded by Defendants' public accommodation, severely affected the quality of Plaintiff Alison Helen Fairchild's life and produced an irreparable and continuing injury that cannot be compensated or remedied solely by the award of money. Accordingly, among other remedies, Alison Helen Fairchild seeks an injunctive order requiring compliance with federal laws allowing access to Defendants' facilities by disabled persons, and to stop all violations of the civil rights laws which exist at the Defendants' properties, which will require modification of Defendants' Studio Lodge Hotel's policies, practices and procedures as alleged herein and as the Court may deem proper.

136.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by intentionally failing to relocate her to ADA approved and handicapped accessible residential hotel room.

137.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS § 12101 by discriminating against Alison Helen Fairchild on the based on her disability.

138.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS § 12101 by overseeing the building and structuring of its STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles, California residential hotel real estate property and intentionally building and constructing a building that had architectural barriers that were an intentional discrimination of Alison Helen Fairchild and countless other disabled tenants since Defendants' Studio Lodge Hotel opened its 11254 Vanowen Street, Los Angeles, California residential hotel to the general public.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 41 of 144

139.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS. § 12101 by intentionally failing to make modifications to its existing 11254 Vanowen Street location building to comply with all federal and state disability laws.

140.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by conspiring and planning to use the assistance of deadly force and unlawful self-help tactics to remove her permanently from her residential hotel room.

141.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS. § 12101 by plotting to forcefully enter Alison Helen Fairchild's residential hotel room, and place a locking mechanism on her front door.

142.    Defendants Carasso Family Trust and Studio Lodge Hotel violated USCS. § 12101 by refusing to accept on time rental payments for her residential hotel room occupancy.

143.    **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust, Studio Lodge Hotel and DOES 1-20, Inclusive, on the third cause of action of the Plaintiff's complaint in the amount that will justly compensate Ms. Fairchild for her damages,

together with costs and attorneys' fees in this action.

**FOURTH CAUSE OF ACTION---DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, ET SEQ ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST. & DOES 1-20, INCLUSIVE.**

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
−Page 42 of 144

144.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-143 of this federal complaint.

145.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

146.    At all relevant times, Defendants' location 11254 Vanowen Street, managers, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel and were fully involved with the interest of having Alison Helen Fairchild discriminated against and removed from its premises permanently.

147.    At all times, relevant to this action, California Civil Code § 54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:

(a) Individuals with disabilities... have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

148.    California Civil Code § 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or [7] facilities:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses. streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 43 of 144

accommodation, amusement or resort, and other places to which the general public is invited,

subject only to the conditions and limitations established by law, or state or federal regulation, and

applicable alike to all persons.

Civil Code§ 54.1(a)(1)

149.    California Civil Code § 54.1 further provides that a violation of the Americans with

Disabilities Act of 1990 constitutes a violation of section 54.1:

(d) A violation of the right of an individual under the Americans with Disabilities Act of 1990

(Public Law 101-336) also constitutes a violation of this section, and nothing [8] in this section shall

be construed to limit the access of any person in violation of that act.

Civil Code § 54. 1(d)

150.    Plaintiff Alison Helen Fairchild is a person within the meaning of Civil Code § 54.1 whose rights

have been infringed upon and violated by the Defendants Carasso Family Trust and Studio Lodge

Hotel, and each of them, as prescribed by §§ 54 and 54.1. Each specific architectural barrier which

Defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of

§§ 54 and 54.1. Plaintiff Alison Helen Fairchild has been and continues to be denied full and equal

access to Defendants' STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles,

California. As a legal result, Plaintiff Alison Helen Fairchild is entitled to seek damages pursuant to

California Civil Code § 54.3(a) for each day on which she lived at STUDIO LODGE HOTEL because

of her knowledge and belief that the residential hotel rooms and entrance and exits of subject property

buildings are inaccessible to persons with disabilities. California Civil Code § 54.3(a) provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or

enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with

the rights of an individual with a [9]  disability under Sections 54, 54,1 and 54.2 is liable for each

offense for the actual damages and any amount as may be determined by a jury, or the court sitting

without a jury, up to a maximum of three times the amount of actual damages but in no case less

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 44 of 144

than . . .one thousand dollars ($ 1,000) and ... attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2. Civil Code § 54.3(a)

151.    From January 27th 2017 until the present time, Plaintiff Alison Helen Fairchild continues to suffer violations of §§ 54 and 54.1 of the Civil Code in that Plaintiff Alison Helen Fairchild has been denied access to her residential hotel room's front door, living room, kitchen and bathroom. Ms. Fairchild has been denied access to STUDIO LODGE HOTEL buildings exits and entrances, Defendants Carasso Family Trust and Studio Lodge Hotel's subject real property and other public facilities as stated herein at the STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles, California, and on the basis that Plaintiff Alison Helen Fairchild was a person with physical disabilities.

152.    Because of the denial of equal access to defendants' facilities. As a result of the denial of equal access her residential hotel room's kitchen, living room, bathroom, front door and STUDIO LODGE HOTEL buildings' entrances and exits, due to the acts and omissions of Defendants Carasso Family Trust and Studio Lodge Hotel, and each of them, in owning, operating and maintaining these subject public facilities, Plaintiff Alison Helen Fairchild suffered violations of plaintiff's civil rights, including but not limited to rights under §§ 54, 54.1 and 54.3, Civil Code, and Plaintiff Alison Helen Fairchild suffered physical discomfort, bodily injury, emotional distress, mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants Carasso Family Trust and Studio Lodge Hotel. actions and omissions to act constituted discrimination against Plaintiff Alison Helen Fairchild on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the Defendants in violation

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 45 of 144

of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

153.   Plaintiff Alison Helen Fairchild on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the physical barriers created and maintained by the defendants in violation of the subject laws, to use STUDIO LODGE HOTEL residential hotel rooms, hereinabove, described on a full and equal basis as other persons.

154.   Plaintiff Alison Helen Fairchild has been damaged by Defendants Carasso Family Trust and Studio Lodge Hotel, and each of their wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54 and 54.1, 54.3 and 55 for violation of plaintiff Alison Helen Fairchild's rights as a person that represents persons with physical disabilities on or about , and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to § 54.3 of the Civil Code according to proof.

155.   Because of Defendants Carasso Family Trust and Studio Lodge Hotel, and each of their acts and omissions in this regard, Plaintiff Alison Helen Fairchild has been required to incur legal expenses needed for research, to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against

persons with physical disabilities. Pursuant to the provisions of § 54.3 and § 55 of the Civil Code, plaintiff Alison Helen Fairchild therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, Ms. Fairchild's lawsuit is intended not only to obtain compensation for damages to herself, but also to compel the Defendants Carasso Family Trust and Studio Lodge Hotel to make its facilities accessible to all members of the public with disabilities, and to cease interfering with the rights of all members of the public with disabilities by renting out residential hotel rooms to disabled persons that are not

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 46 of 144

accessible and ADA approved, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of § 1021.5 of the Code of Civil Procedure.

156.    Defendants Carasso Family Trust and Studio Lodge Hotel violated California Civil Code § 54.1 by failing to maintain a handicap access ramp on the both sides of its building located at 11254 Vanowen Street, that would allow Alison Helen Fairchild full and equal access to entrances and exits of all STUDIO LODGE HOTEL'S buildings.

157.    Defendants Carasso Family Trust and Studio Lodge Hotel violated California Civil Code § 54.1 by deliberately and intentionally refusing to relocate plaintiff Alison Helen Fairchild into accessible residential hotel room that would allow Alison Helen Fairchild full and equal access to her kitchen, living room, front door, and bathroom.

158.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel and Does 1-20, Inclusive, on the fourth cause of action of the Plaintiff's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**FIFTH CAUSE OF ACTION---FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, ET SEQ (THE UNRUH CIVIL RIGHTS ACT) ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL& DOES 1-20, INCLUSIVE.**

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 47 of 144

159.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-158 of this federal complaint.

160.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

161.    At all relevant times, Defendants' location 11254 Vanowen Street, managers, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel and were fully involved with the interest of having Alison Helen Fairchild discriminated against and removed from its premises permanently.

162.    Defendants Carasso Family Trust and Studio Lodge Hotel's actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of

every kind whatsoever.

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or disability.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or

modification that is otherwise required by other provisions of law, to any new or existing
Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 48 of 144

1    establishment, facility, building, improvement, or any other structure . . . nor shall anything in this

2    section be construed [11]  to augment, restrict, or alter in any way the authority of the State

3    Architect to require construction, alteration, repair, or modifications that the State Architect

4    otherwise possesses pursuant to other . . . laws.

5    A violation of the right of any individual under the Americans with Disability Act of 1990 (Public

6    Law 101-336) shall also constitute a violation of this section.

7    As the Unruh Act incorporates violations of the Americans with Disability Act of 1990, the "intent"

8    of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the

9    part of defendants, as reasonable and prudent public accommodations, in acting or failing to act to

10   identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of

11   them.

12

13   163.    Defendants Carasso Family Trust and Studio Lodge Hotel's actions and omissions and failure

14   to act as a reasonable and prudent public accommodation by creating unlawful and illegal policies,

15   practices and/or procedures that resulted in the forceful entry of Alison Helen Fairchild, violates § 51 of

16   the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

17   This section shall be known, and may be cited, as the Unruh Civil Rights Act.

18   All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race,

19   color, religion, ancestry, national origin, or disability are entitled to the full and equal

20   accommodations, advantages, facilities, privileges, or services in all business establishments of

21

22   every kind whatsoever.

23   This section shall not be construed to confer any right or privilege on a person that is conditioned or

24   limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry,

25   national origin, or disability. A violation of the right of any individual under the Americans with

26   Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

27

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 49 of 144

164.   The act and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code § 51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in the state because of the race, creed, religion, color, national origin, sex, or disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

165.   Defendants Carasso Family Trust and Studio Lodge Hotel's act and omissions as specified had denied to plaintiff Alison Helen Fairchild full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992

amendment to California Civil Code § 51, "A violation of the right of any individual under the Americans with Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiff Alison Helen Fairchild accordingly incorporate the entirety of her above cause of action for violation of the Americans with Disability Act at PP34, et seq., as if re-pled herein.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 50 of 144

166.   As a legal result of the violation of Plaintiff Alison Helen Fairchild's civil rights as hereinabove described, Plaintiff Alison Helen Fairchild has suffered general damages, bodily injury, physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiff Alison Helen Fairchild is entitled to the rights and remedies of § 52(a) of the Civil Code, including trebling of actual damages (defined by § 52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

167.   **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel and DOES 1-20, inclusive, on the fifth cause of action of the Plaintiff's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**SIXTH CAUSE OF ACTION---DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF CALIFORNIA HEALTH $ SAFETY CODE § 19955, ET. SEQ, ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE.**

168.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-167 of this federal complaint.

169.   At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

170.   At all relevant times, Defendants' location 11254 Vanowen Street, managers, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel and were fully

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 51 of 144

involved with the interest of having Alison Helen Fairchild discriminated against and removed from its premises permanently.

171.    Health & Safety Code § 19955 provides in pertinent part:

The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

172.    Health & Safety Code § 19956, which appears in the same chapter as § 19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code...." Health & Safety Code § 19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles, California, and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the residential hotel and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said subject real estate property hotel and/or building to be subject to the requirements of Part 5.5, § 19955, et seq., of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety [10] Code § 19959.

173.    Pursuant to the authority delegated by Government Code § 4450, et seq, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of

the California Building Standards Code adopted the California State Architect's Regulations and

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 52 of 144

these regulations must be complied with as to any alterations and/or modifications of STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles, California, and/or the building(s) occurring after that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961. On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

174.    Residential, transient and commercial hotels such as the STUDIO LODGE HOTEL location 11254 Vanowen Street, Los Angeles, California, are "public accommodations or facilities" within the meaning of Health & Safety Code § 19955, et seq.

175.    Because of the actions and failure to act of Defendants Carasso Family Trust and Studio Lodge Hotel, and because of the failure to provide proper and legally handicapped-accessible public facilities, Plaintiff Alison Helen Fairchild was denied her rights to full and equal access to public facilities and suffered a loss of her civil rights and Ms. Fairchild's rights as a person with physical disabilities to full and equal access to public facilities.

176.    Because of Defendants' acts and omissions in this regard, Plaintiff Alison Helen Fairchild has incurred legal expenses for search of drafting this federal complaint to enforce her civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in Alison Fairchild's own interests and to enforce an important right affecting the public interest. Plaintiff Alison Fairchild, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 53 of 144

1021.5. Plaintiff Alison Fairchild, additionally seek attorneys' fees pursuant to Civil Code §§ 54.3 and 55. Plaintiff Alison Fairchild will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

177.   Plaintiff Alison Fairchild seek injunctive relief for an order compelling Defendants Carasso Family Trust and Studio Lodge Hotel, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

178.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel. on the fifth cause of action of the Plaintiff's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

## PRELIMINARY FACTUAL ALLEGATIONS REGARDING DISCRIMINATION VIOLATIONS ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD

179.   Plaintiff **AROGANT HOLLYWOOD** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Hollywood lived at the Studio Lodge Hotel from January 27th 2017 until the present time. At all relevant times stated throughout this lawsuit Arogant Hollywood was a residential tenant at Studio Lodge Hotel and was current on his rent every single week of his

residential hotel stay. The Studio Lodge Hotel is located at 11254 Vanowen Street, Los Angeles, California.

180.   This portion of the lawsuit against Defendants Carasso Family Trust and Studio Lodge Hotel are within the Court's jurisdiction pursuant to California Civil Code §§ 51.5, 51.7, 52.1; 42 U.S.C. § 1981; and Title VI of the Civil Rights Act of 1964

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 54 of 144

181.    Plaintiff Arogant Hollywood is informed and believe and based thereon allege that Defendants Carasso Family Trust and Studio Lodge Hotel jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of individuals by racially discriminating against him in violation of the law.

182.    Plaintiff Arogant Hollywood is informed and believes based on thereon allege Defendants Carasso Family Trust and Studio Lodge Hotel have engaged in, among other things a system [1] of willful violations of California Civil Code §§ 51.5, 51.7, 52.1; 42 U.S.C. § 1981; 42 U.S.C. § 51.5, 51.7, 52.1; 42 U.S.C. § 1981; and Title II of the Civil Rights Act of 1964 by creating and maintaining policies, practices, and customs that knowingly deny equal rights regardless of race, color or national origin.

183.    Venue is proper because Defendants Carasso Family Trust and Studio Lodge Hotel are subject to personal jurisdiction in the State of California, and by Arogant Hollywood paying monies to STUDIO LODGE HOTEL for occupancy of one of its many residential hotel rooms, he entered into a contract with Defendants Carasso Family Trust and Studio Lodge Hotel, and this contract was entered in the State of California, County of Los Angeles.

184.    Plaintiff Arogant Hollywood resides in Los Angeles County, California. At all times, relevant to the allegations in this action, Plaintiff Arogant Hollywood resided in Los Angeles, California.

185.    Plaintiff Arogant Hollywood shall hereinafter be referred to as "Plaintiff".

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
−Page 55 of 144

186.    Plaintiff is informed and believe and based thereon allege that Defendants Carasso Family Trust and Studio Lodge Hotel was and were not corporations incorporated in California, however, Defendants were and are qualified to do business in the State of California.

187.    Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 20, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names, capacities, and circumstances supporting the liability of said defendants at such time as plaintiff ascertain the same. Plaintiff is informed and believe and based thereon allege that each fictitiously named defendant named is responsible for the matters alleged herein and proximately caused plaintiff and members of general public to be subject to the wrongs and injuries complained of herein.

188.    Plaintiff is informed and believe and based thereon allege that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venture of, or working in concert with each of the other co-defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, [2] conduct, and omissions of the acting defendant.

189.    At all times herein mentioned, the acts and omissions of Defendants Carasso Family Trust and Studio Lodge Hotel, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

190.    At all times herein mentioned, Defendants, and each of them, ratified each act or omission complained of alleged.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 56 of 144

191.    Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

192.    Plaintiff Arogant Hollywood was improperly discriminated against based on his race, ethnicity, national origin. Plaintiff is informed and believe and based thereon allege that the discrimination suffered by Plaintiff violates his rights under California Civil Code §§ 51.5, 51.7, 52.1; and 42 U.S.C. § 1981.

193.    The identity of Arogant Hollywood is readily ascertainable by review of STUDIO LODGE HOTEL rental receipts and video footage taken by Plaintiff Arogant Hollywood. Plaintiffs are informed and believe and based thereon allege that it can easily be established through testimonial and documentary evidence that Defendants Carasso Family Trust and Studio Lodge Hotel discriminated against Plaintiff in violation of his civil rights under stated and federal statutes.

194.    Defendants Carasso Family Trust and Studio Lodge Hotel's manager stated that she was refusing to not accept any additional money from Plaintiff for no reason at all.  Plaintiff is informed and believe and based thereon allege this conduct was accomplished [3] with the knowledge and designed intent to unlawfully discriminate against Plaintiff.

195.    Plaintiff is informed and believe and based thereon allege the Defendants Carasso Family Trust and Studio Lodge Hotel in violation of state and federal statutes practiced a consistent and uniform policy of unlawfully discriminating against Plaintiff due to his race/national origin.

196.    There are predominant common questions of law and fact concerning whether Defendants unlawfully discriminated against Plaintiff Arogant Hollywood. Defendants' policies and practices wrongfully and illegally failed to treat Plaintiff as required by federal law. Plaintiff is informed and believe and based thereon allege his claims revolve around a uniform and willful pattern of statutory

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 57 of 144

violations for the specific purpose of avoiding legally mandated compensation.

197. Central to the commonality inquiry is Defendants' conduct toward Plaintiff Arogant Hollywood. Arogant Hollywood is a victim of violation of his civil rights based on his race, ancestry and national origin. Plaintiff was [4] was denied access to his residential hotel room based on his race, ancestry national origin and ancestry. Plaintiff was [5] told that he would have to check out of his residential hotel room on February 17th 2017 for doing nothing wrong whatsoever. Plaintiff was [6] denied his constitutional right to make and enforce contracts at any business licensed in the United States of America. Plaintiff Arogant Hollywood was [7] told that his money for payment of his residential hotel room would not be accepted by Studio Lodge Hotel. *"On February 17th, you must check out or we will contact the police to have you both removed."* **Quoting Studio Lodge Hotel manager on page 23, at line 13-14.**

198. The civil rights laws upon which plaintiff Arogant Hollywood bases his claims are broadly remedial in nature. These laws serve an important public interest in insuring equal protection for members of all races and ethnicities. These laws protect the interests and rights of Americans who have suffered discrimination, and are particularly important in the era of heightened fear that has followed the events of September 11, 2001.

199. The nature of this action and the format of laws available to Plaintiff Arogant Hollywood identified herein make this action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.

200. Plaintiff Arogant Hollywood is seeking declaratory, injunctive, and monetary relief for actual damages suffered.

**FACTUAL ALLEGATIONS RELEVANT TO ALL DISCRIMINATION CAUSES OF ACTION ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD**

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 58 of 144

201.    Plaintiff **AROGANT HOLLYWOOD** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Hollywood lived at the Studio Lodge Hotel from January 27th until the present time. At all relevant times stated throughout this lawsuit Arogant Hollywood was a residential tenant at the Studio Lodge Hotel and was current on his rent every single week of his residential hotel stay. The Studio Lodge Hotel is located at 11254 Vanowen Street, Los Angeles, California.

202.    On February 10th 2017 a Studio Lodge Hotel general manager told plaintiff Arogant Hollywood that he would have to check out on February 17th 2017.

203.    On February 10th 2017 a Studio Lodge Hotel general manager refused to accept money from Plaintiff Arogant Hollywood.

204.    On February 10th 2017 a Studio Lodge Hotel general manager told Plaintiff Arogant Hollywood if he did not check out of his residential hotel room on February 17th 2017 the Studio Lodge Hotel would have him arrested and prosecuted for trespassing.

**SEVENTH CAUSE OF ACTION---VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.5 ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE.**

205.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-204.

206.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 59 of 144

207.     At all relevant times, Defendants' location 11254 Vanowen Street, Los Angeles, California general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel, and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

208.     This cause of action is brought against Defendants pursuant to its intentional and willful violations of Plaintiff's civil rights under California Civil Code § 51.5.

209.     The conduct of Defendants Carasso Family Trust and Studio Lodge Hotel violated California Civil Code § 51.5 in that Defendant Studio Lodge Hotel, a business establishment, discriminated against, boycotted, or blacklisted, or refused to buy from, contract with, sell to or trade with Plaintiff Arogant Hollywood based on his race, color, religion, ancestry, and national origin.

210.     As a direct and legal result of Defendants' violation of Civil Code § 51.5 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

211.     As a direct, foreseeable, and proximate result of said wrongful acts by Defendants Carasso Family Trust and Studio Lodge Hotel, Plaintiff Arogant Hollywood suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to California Civil Code § 3287 and any other provision of law providing for prejudgment interest.

212.     As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, [8] depression, and mental pain and anguish, all to the Plaintiff's damage in an amount to be proven at time of trial.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 60 of 144

213.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

214.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights, and done by management employees of Defendants Carasso Family Trust and Studio Lodge Hotel (Doing Business as STUDIO LODGE HOTEL). Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendants Carasso Family Trust and Studio Lodge Hotel, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

215.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Carasso Family Trust, Studio Lodge Hotel and DOES 1-20, Inclusive. on the seventh cause of action of the Plaintiff's complaint in the amount that will justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

## EIGHT CAUSE OF ACTION---VIOLATION OF CALIFORNIA CIVIL CODE § 51.7 ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE.

216.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-215.

217.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 61 of 144

218.    At all relevant times, Defendants' location 11254 Vanowen Street, Los Angeles, California general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel, and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

219.    This cause of action is brought against Defendants pursuant to its intentional and willful violations of Plaintiff's civil rights under California Civil Code § 51.7.

220.    The conduct of Defendants by Carasso Family Trust and Studio Lodge Hotel violated California Civil Code § 51.7 in that Defendant violated Plaintiff's rights to be free from any violence, [9] or intimidation by threat of violence because of his race, color, religion, ancestry, and national origin.

221.    As a direct, foreseeable and proximate result of Defendants' violation of Civil Code § 51.7 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violation of his civil rights.

222.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants by Carasso Family Trust and Studio Lodge Hotel, Plaintiff suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

223.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiff Arogant Hollywood suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 62 of 144

224.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Carasso Family Trust and Studio Lodge Hotel. Plaintiff has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established [10] according to proof.

225.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's rights, and one by managerial employees of Defendants Carasso Family Trust and Studio Lodge Hotel (Doing Business as STUDIO LODGE HOTEL). Plaintiff is thereby entitled to an award of punitive damages against Defendants Carasso Family Trust and Studio Lodge Hotel, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

226.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel on the eighth cause of action of the Plaintiff's complaint in the amount that will justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

**NINTH CAUSE OF ACTION---VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE.**

227.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-226.

228.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

229.    At all relevant times, Defendants' location 11254 Vanowen Street, Los Angeles, California general manager, supervisors and employees were employed by Carasso Family Trust and Studio

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 63 of 144

Lodge Hotel and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

230.    This cause of action is brought against Carasso Family Trust and Studio Lodge Hotel pursuant to its intentional and willful violations of Plaintiff's civil rights under California Civil Code § 52.1.

231.    California Civil Code § 52.`1 (b), states the following: Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right of rights secured.

232.    The conduct of Defendants Carasso Family Trust and Studio Lodge Hotel violated California Civil Code § 52.1, in that Defendant, attempted to, and did, by threats, intimidation, or coercion, and using wrongful and deadly force, interfere with Plaintiff Arogant Hollywood's civil rights secured by the Constitution or laws of the United States, including the right to be free from discrimination.

233.    Defendant's interference with Plaintiff Arogant Hollywood's exercise and enjoyment of his civil and constitutional rights, as herein alleged, were due [11] to Plaintiff's race, color, religion, ancestry, and national origin.

234.    Defendants Carasso Family Trust and Studio Lodge Hotel. attempted to, and did, by threats, intimidation, and coercion, interfere with the exercise and enjoyment of the civil and constitutional rights of Plaintiff secured by the California State Constitution.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 64 of 144

235.    Defendants' interference with Plaintiff's enjoyment of his civil and constitutional rights, as alleged herein, was due to Plaintiff's race, color, religion, ancestry, and national origin.

236.    Such actions by Defendants Carasso Family Trust and Studio Lodge Hotel were without any legitimate cause or justification and were intentional, malicious, reckless and in bad faith.

237.    As a direct and legal result of Defendants' violation of Civil Code § 52.1 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

238.    By virtue of the provisions of Civil Code § 52.1, Defendants Carasso Family Trust and Studio Lodge Hotel acted willfully, maliciously, intentionally, oppressively and in reckless disregard of the possible consequences of their conduct and accordingly, Plaintiff is entitled [12] to and hereby demand punitive and exemplary damages for the sake of example and by way of punishing Defendants in an amount to be proven at trial.

239.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Arogant Hollywood is entitled to and demand three times the amount of actual damages.

240.    By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demand a civil penalty of twenty-five thousand dollars.

241.    By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demands and award of reasonable attorneys' fees.

242.    By virtue of the provisions of Civil Code § 52.1, Plaintiff seek, on his own behalf and on behalf of the general public, an injunction to prohibit Defendants Carasso Family Trust and Studio Lodge Hotel from engaging in the unfair business practices complained of herein.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 65 of 144

243.    The conduct of Defendants Carasso Family Trust and Studio Lodge Hotel and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights, and done by managerial employees of Defendants Carasso Family Trust and Studio Lodge Hotel (Doing Business as STUDIO LODGE HOTEL). Plaintiff is thereby entitled to an award of punitive damages against Defendants Carasso Family Trust and Studio Lodge Hotel, in an amount appropriate to punish and make an example of defendants, [13] and in an amount to conform to proof.

244.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel on the ninth cause of action of the Plaintiff's complaint in the amount that will justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

**TENTH CAUSE OF ACTION---DISCRIMINATION IN VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT of 1964, U.S.C.S. 42 § 1981 (EQUAL RIGHTS) ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE**

245.    Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-244.

246.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

247.    At all relevant times, Defendants' location 11254 Vanowen Street, Los Angeles, California general manager, supervisors and employees were employed by Carasso Family Trust and Studio

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 66 of 144

Lodge Hotel, and were fully involved with the interest of having Arogant Hollywood discriminated against and removed from its premises permanently.

248.    This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel Inc pursuant to its intentional and willful violations of Plaintiff's civil rights under 42 USC § 1981.

249.    Congress enacted the Civil Rights Act to ensure that a dollar in the hands of a Negro will purchase the same thing as a dollar in the hands of a white…" *Jones v. Alfred H. Mayer Co., 393 U.S., 409, 443 (1968).* : The aim of [the Act] is to remove the impediment of discrimination from a minority citizen's ability to participate fully and equally in the marketplace. *"Bobbitt v. Bobbitt v. Rage, Inc., 19 F. Supp. 2d 512, 516 (W.D.N.C. 1998)*; **see also** *Patterson v. McLean Credit u/nion, 491 U.S. 164, 190 (1989).*

250.    Through 42 U.S.C. § 1981, "Congress intended to prohibit 'all racial discrimination, private and public, in the sale of property." And in the making and enforcement of contracts. *Runyon v. McCrary, 427, U.S. 160, 170* (1976) (*quoting Jones v. Alfred H. Mayer Co., 392 U.S. 409, 437 (1968).* It is the aim of the statute "to remove the impediment of discrimination from a minority citizen's ability participate fully and equally in the marketplace." *Brown v. American Honda Motor Co., 939 F.2d 946, 949* (11th Cir. 1991).

251.    Plaintiff Arogant Hollywood avers that he is a member of a racial minority, that Defendants intended to discriminate against him based on his race, and the discrimination concerned at least one, if not more, of the activities enumerated in the statute.

252.    On information and belief, Plaintiff Arogant Hollywood avers that Defendants Carasso Family Trust and Studio Lodge Hotel treated similarly situated individuals outside of his racial group differently.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 67 of 144

253.    On information and belief, Plaintiff Arogant Hollywood avers that Defendants Carasso Family Trust and Studio Lodge Hotel. were motivated by racial animus when they refused to contract on equal terms with Arogant Hollywood based on his race.

254.    On information and belief, Plaintiff Arogant Hollywood avers that those benefits, privileges, terms and conditions of which Arogant Hollywood was deprived or whose right to same was impaired by acts of discrimination, were enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981.

255.    On information and belief, Plaintiff Arogant Hollywood avers that the discrimination complained of is causally connected to his race, which is black.

256.    Indirect evidence of discriminatory intent is circumstantial evidence from which racial motivation can be inferred. See *Hampton v. Dillard Dep't Stores, 247 F.3d 1091, 1109 (10th Cir. 2001), cert. Denied, 534 U.S. 1131 (2002)* (stating that evidence of discrimination need not be admitted); *Joseph v. N.Y. Yankees P'ship, No. 00 CIV. 2275(SHS), 2000 WI. 1559019, at \*5 (S.D.N.Y. Oct. 19, 2000)* (explaining that discriminatory intent can be inferred when plaintiff can show specific instances where individuals situated similarly "in all relevant aspects" were treated differently according to their race); *Washington v. Duty Free Shoppers, Ltd., 710 F. Supp. 1288, 1289 (N.D. Cal. 1988)* (explaining that a confession of discrimination is not necessary for finding evidence of discrimination).

257.    Plaintiff Arogant Hollywood avers that the facts as alleged herein present sufficient evidence that the Defendants Carasso Family Trust and Studio Lodge Hotel denied Plaintiff residency while white tenants were allowed to enter and receive the accommodation and service and that Studio Lodge Hotel denied Arogant Hollywood the right to "make and enforce contracts on the same basis

as white citizens" when Studio Lodge Hotel refused to accept rent and threatened to use the Los
Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 68 of 144

Angeles police department to assist in forceful entry and forceful removal of Plaintiff, while Studio Lodge Hotel did accommodate, serve, make contracts, and accept rent from white tenants and guests paying that were paying monies to stay at Studio Lodge Hotel from January 27th 2017 until the present day.

258.    Plaintiff Arogant Hollywood avers he has the option of proving that he was deprived of services while similarly situated persons outside the protected class were not. *Callwood v. Dave & Buster's, 98 F. Supp. 2d 694, 707 (D.MD. 2000)*; **see also** *Murrell v. Ocean Mecca Motel, 262 F.3d 253, 257 (4th Cir. 2001)* (stating similar test for establishing a prima facie case of race discrimination in eviction from motel); see *Christian v. Wal-Mart Stores, 252 F.3d 862, 873 (6th Cir. 2001)* (This language: "which makes actionable the deprivation of service, as opposed to an outright refusal of service, better comprehends the realities of commercial establishment cases in which an aggrieved plaintiff may have been asked to leave the place of business prior to completing (his) purchase, refused service within the establishment, or refused outright access to the establishment. It is thus in harmony with the promise of § 1981 (b), which guaranties all persons equal rights in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.")

259.    Plaintiff Arogant Hollywood attempted to contract with Defendants' Studio Lodge Hotel, but was repeatedly prevented from doing so because Plaintiff Hollywood was denied reasonable accommodation into Studio Lodge Hotel. Arogant Hollywood attempted to gain entry, and therefore Plaintiff states a plausible cause of action under § 1981 because similarly situated Caucasian tenants and guests were allowed reasonable accommodation to enter Studio Lodge Hotel and enter into a contract with said Defendants. Plaintiff Arogant Hollywood avers that Studio Lodge Hotel's refusal to allow him reasonable accommodation to stay at its residential hotel after Plaintiff Hollywood had in fact attempted to pay for his room, was the equivalent to a refusal to contract with Defendants. It was a discriminatory refusal to deal, and the license to enter Studio Lodge Hotel's residential hotel rooms was necessary to make good on the residential hotel's implicit invitation to deal. Defendants

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 69 of 144

Carasso Family Trust and Studio Lodge Hotel's refusal to accommodate Plaintiff Arogant Hollywood denied a male African-American the right to contract on the same terms and conditions as is enjoyed by white citizens. Further, race-based harassment interferes with the right of a customer of color to contract on the same terms as white customers. See *Brief of Amicus Curia Lawyers' Committee for Civil Rights Under Law, at 5, Hampton v. Dillard Dep't Stores, 247 F. 3d 1091 (10th Cir. 2001) (Nos. 98 3011, 98-3261) cert. denied, 534 U.S. 1131 (2002).*

260.   Plaintiff Arogant Hollywood further believes he can demonstrate that any reasons Defendants Carasso Family Trust and Studio Lodge Hotel may offer that purport to show they excluded Plaintiff Hollywood for legitimate, non-discriminatory reasons are a pretext for discrimination, as Plaintiff Hollywood avers he can show that any such reasons proffered by Defendants Carasso Family Trust and Studio Lodge Hotel have no basis in fact, that the reasons are not the actual reasons, and that the stated reasons are insufficient to explain Defendants' action. See *McDonnell Douglas Corp. v. Green, 411 U.S. 793, 804 (1973); Christian v. Wal-Mart Stores, 252 F. 3d at 879*; **see also** *Johnson v. Univ. of Cincinnati, 215 F.ed 561, 572 (6th Cir. 2000).*

261.   Because of the violations of Plaintiff Arogant Hollywood's rights under 42 U.S.C. § 1981, Plaintiff Hollywood has been damaged and claims entitlement to all relief as may be afforded him to redress said wrongs.

262.   There is no exhaustion of state remedies requirement prior to Plaintiff Arogant Hollywood bringing this Complaint in federal court. *Plummer v. Chicago Journeyman Plumbers' Local Union No. 130, 452 F.Supp. 1127 (1978)*, rev'd on other grounds *657 F.2d 890 (7th Cir. 1981).*

263.   The District Court generally exercises jurisdiction in conformity with the laws of the United States; however, in cases where those laws are not adequate to furnish suitable remedies, state common law governs. 42 U.S.C. § 1988.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 70 of 144

264.   Plaintiff Arogant Hollywood maintains that the Defendants Carasso Family Trust and Studio Lodge Hotel, and each and all of them, are directly liable to Plaintiff Hollywood under 42 U.S.C.S. § 1981 for the deliberate and intentional actions of the Studio Lodge Hotel and their agents and/or partners and/or joint ventures and/or employees and/or representatives.

265.   Plaintiff Arogant Hollywood maintains alternately that Carasso Family Trust and Studio Lodge Hotel Defendants or Defendants is or are liable to Plaintiff Hollywood under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

266.   Punitive damages are available under 42 U.S.C. § 1981.2 "[A] jury may be permitted to assess punitive damages" in a civil rights case "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves recklessness or callous indifference to the federally protected rights of others." *Smith v. Wade, 461 U.S. 30, 56 (1983)* (applying common law tort rules to action brought under 42 U.S.C. § 1983); **see also** *Kolstad v. American Dental Ass'n, 527 U.S. 526, 535 (1999)* (recognizing that Congress adopted the Wade standard in providing for punitive damages in Title II and ADA cases); *Bisbal-Ramos v. City of Mayaguez 467 F.3d 16, 25 (1st Cir. 2006)* (quoting Wade)

267.   Plaintiff Arogant Hollywood proffers that the same reasons that punitive damages are necessary to deter the Defendants from engaging in discriminatory conduct in the future, this Court should fashion an appropriate injunction ordering the Defendants Carasso Family Trust and Studio Lodge Hotel to take affirmative steps to prevent similar occurrences.

268.   Plaintiff Arogant Hollywood avers that this Court must impose injunction to force Studio Lodge Hotel to take steps to stop its discriminatory treatment of similarly situated African-American tenants and guests.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 71 of 144

269.     On information and belief, Defendants engaged in intentional discrimination based on Plaintiff Arogant Hollywood's perceived race, color, ethnicity, or ancestry, and caused Plaintiff Hollywood to suffer deprivation of his right make and enforce contracts, with deliberate and substantial disregard for Plaintiff's rights.

270.     Defendants' actions violated 42 U.S.C. § 1981, et seq. This Court cannot in good conscience remain silent while California citizens are subject to invidious racial discrimination.

271.     Plaintiff Arogant Hollywood had a contract with Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiff created this contract by signing a written agreement to live at STUDIO LODGE HOTEL, and honored this agreement by paying monies for rent every single week on time.

272.     Defendants Carasso Family Trust and Studio Lodge Hotel breached this contract when its general manager and employees refused to accept further rental payments from Plaintiff Arogant Hollywood.

273.     Defendants Carasso Family Trust and Studio Lodge Hotel breached this contract when its employees and managers told Plaintiff that he would have to check out his residential hotel room on February 17th 2017 for no reason at all.

274.     The employees and managers of STUDIO LODGE HOTEL were at all relevant times agents and/or employees of Defendants Carasso Family Trust and Studio Lodge Hotel. The employees and managers that intentionally discriminated against Plaintiff were at all times acting at the directions of agent of Defendants Carasso Family Trust and Studio Lodge Hotel.

275.     The employees and managers for STUDIO LODGE HOTEL were at all relevant times

agents and/or employees of Defendants Carasso Family Trust and Studio Lodge Hotel. The
Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 72 of 144

employees and managers that threatened to call law enforcement on Plaintiff Arogant Hollywood for no legitimate reason, were at all relevant times agents and/or employees of Defendants Carasso Family Trust and Studio Lodge Hotel. The employees and managers that threatened to have Plaintiff trespassed from his residential hotel room were at all relevant times agents and/or employees of Defendants Carasso Family Trust and Studio Lodge Hotel.

276.   Plaintiff Arogant Hollywood seek, on his own behalf and the general public, full compensation for the discriminatory acts he suffered.

277.   As a direct, foreseeable, and proximate [14] result of and wrongful acts by Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiff Arogant Hollywood suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

278.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiff has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

279.   The conduct of Defendants Carasso Family Trust and Studio Lodge Hotel and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's civil rights, and done by managerial employees of Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendants Carasso Family Trust and Studio Lodge Hotel in amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

280.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Carasso Family Trust, Studio Lodge Hotel and DOES 1-20, Inclusive on the tenth cause of action of

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 73 of 144

the Plaintiff's complaint in the amount that will justly compensate Mr. Hollywood for his damages, together with costs and attorneys' fees in this action.

**REMAINING CAUSES OF ACTIONS ALLEGED BY BOTH ALISON HELEN FAIRCHILD & AROGANT HOLLYWOOD**

**ELEVENTH CAUSE OF ACTION---VIOLATION OF 42 USC § 1985 (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS) ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20 INCLUSIVE.**

281.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-280.

282.    At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of STUDIO LODGE HOTEL and both Plaintiffs were current on their rent every single week, and never submitted a late rental payment whatsoever.

283.    At all relevant times, Defendants' location 11254 Vanowen Street, Los Angeles, California general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel, and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 74 of 144

284.    This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel., pursuant to its intentional and willful violations of Plaintiffs' civil rights under 42 USC § 1985.

285.    42 U.S.C. § 1985(3) provides citizens with a cause of action against private conspiracies to violation constitutional rights. No state action prerequisite exists for such lawsuits.

286.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges conspiracy to interfere with his civil rights under 42 U.S.C. § 1985(3). Section 1985(3) provides, in pertinent part, that: "If two or more persons…go…on the premises of another, for the purpose of depriving…any person…of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities…from giving or securing to all persons… the equal protection of the laws[;]…the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation…." *Id.* It is well settled that "[t]o state a claim under § 1985(3), there must be 'some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.'" *Gedrich v. Fairfax County Dep't of Family Servs., 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971)).*

287.    Defendant conspirator(s) become the agent of the other conspirator(s), and any act done by one of the combination is regarded under the law as the act of both or all. In other words, what one does, if there is this combination, becomes the act of both or all of them, no matter which individual may have done it. This is true to each member of the conspiracy, even those whose involvement was limited to a minor role in the unlawful transaction, and it makes no difference whether or not such individual shared in the profits of the actions. (Am. Jur. Pleading and Practice Forms, Conspiracy § 9).

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 75 of 144

288.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges that the Defendants, and each of them, engaged in an illegal conspiracy to interfere with Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights in violation of 42 U.S.C. § 1985.

289.    Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Arogant Hollywood as a member of the African-American (black) class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

290.    Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiffs Arogant Hollywood as a member of the disabled/handicapped class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

291.    As alleged herein, Defendants maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild. Defendants Carasso Family Trust and Studio Lodge Hotel. and two of its employees of Studio Lodge Hotel violated § 1985 by each of them participating in plans and conspiracies to forcefully remove Plaintiffs, and by refusing to accept rental payments from both Plaintiffs. By engaging in these conspired acts together, and with multiple conspirators involved, Defendants denied Plaintiffs Alison Helen Fairchild and Arogant Hollywood reasonable accommodation or to make and enforce contacts with Studio Lodge Hotel, and by doing all the above, Defendants Carasso Family Trust and Studio Lodge Hotel violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights pursuant to 42 U.S.C.S. § 1985(3), and all of evil, cruel, malicious, and discriminatory acts were done solely, and specifically based on Plaintiff Hollywood's race and Plaintiff Fairchild's disability.

292.    Each act done in pursuance of the conspiracy by one of several conspirators is, in

contemplation of law, an act for which each is jointly and severally liable, and this liability applies
**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
–Page 76 of 144

to damages accruing prior to the person's joining the conspiracy or thereafter and regardless of whether the person took a prominent or an inconspicuous part in the execution of the conspiracy. (Am. Jur. 2d Conspiracy §§ 70, 71).

293.    A civil conspiracy is a combination of two or more persons by some concerted action to accomplish some criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means. The conspiratorial agreement need not be in any particular form, and need not extend to all the details of the conspiratorial scheme, so long as its primary purpose is to cause injury to another/Plaintiff Arogant Hollywood. The gist of a civil conspiracy is not the unlawful agreement, but the damage resulting from that agreement and its execution. The cause of the action is not created by the conspiracy, but by the wrongful acts done by the Defendants Carasso Family Trust and Studio Lodge Hotel. to the injury of Plaintiffs Arogant Hollywood and Alison Helen Fairchild. (Am. Jur. Pleading and Practice Forms, Conspiracy § 7).

294.    A conspiracy may be proved by circumstantial evidence. This is because people who engage in such agreements may not voluntarily proclaim to others their purpose, therefore, a reasonable person/mind may draw on circumstantial evidence to determine whether or not a conspiracy did exist.

295.    A conspiracy may be established by interference from the nature of the acts complained of; the individual and collective interests of the alleged conspirators, the situation and relation of the parties at the time of the commission of the acts, the motives that produced them, and all of the surrounding circumstances preceding and attending the culmination of the common plan or design. (Am. Jur. Pleading and Practice Forms, Conspiracy § 8).

296.    The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on Plaintiffs Arogant Hollywood and Alison Helen Fairchild as described in this Complaint.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 77 of 144

297.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Carasso Family Trust and Studio Lodge Hotel combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

298.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Carasso Family Trust and Studio Lodge Hotel combined to engage in a scheme which was intended to

violate the right of Plaintiff Arogant Hollywood.

299.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that Defendants Carasso Family Trust and Studio Lodge Hotel combined to engage in a scheme which was intended to violate the rights of the public-at-large.

300.    The facts, evidence and legal conclusion set forth in this instant Complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (b) engaged in conspiracy(ies) to deter, intimidate, and threaten Plaintiffs Arogant Hollywood and Alison Helen Fairchild from engaging in protected activities (ie., making and enforcing contracts, making charges/filing lawsuits. Testifying, assisting or participating in enforcement proceedings) and performing duties owed as a citizen to report matters of public policy and/or public interest; and (c) engaged in conspiracy(ies) which resulted in injury/harm to Plaintiffs Arogant Hollywood and Alison Helen Fairchild. *Malley-Duff & Assoc. v. Crown Life Ins. Co., 792 F.2D 341 (3rd Cir. 1986)* judgment affirmed *483 U.S. 143 (1987); Chahal v. Paine Webber, 725 F.2d 20 (2nd Cir 1984)*.

301.    Although it is true that a corporation cannot conspire with itself, a conspiracy may be established where individual defendants are named and those defendants acted outside the scope of

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 78 of 144

their employment for personal reasons. *Swann v. City of Dallas, 922 F.Supp. 1184 (N.D. Texas 1996)* (citing Garza v. City of Omaha, 814 F.2d 553, 556 (8th Cir. 1987)), aff'd, 131 F.3d 140 (5th Cir. 1997). The facts, evidence and legal conclusion contained in this instant Complaint will support that Defendants Carasso Family Trust and Studio Lodge Hotel acted both within and outside the scope of their employment for personal reasons and bias towards Plaintiffs Arogant Hollywood and Alison Helen Fairchild. Moreover, said conspiracy(ies) was/were inspired and motivated by Defendants' engagement in systematic racial bias, discriminatory and retaliatory practices against Plaintiff Arogant Hollywood because of his race (African-American/black), against Plaintiff Alison Helen Fairchild because of her disability, knowledge of their engagement in protected activities, and systematic discriminatory practices –discrimination, retaliation, and harassment—as well as a conspiracy based on Defendants' knowledge of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's engagement in protected activities (i.e., discrimination for making charges/filing lawsuits, filing complaints with city and county agencies, testifying, assisting, or participating in litigation/proceedings), thereby conspiring to deprive Plaintiffs Arogant Hollywood and Alison Helen Fairchild rights secured and guaranteed under the Constitution and other laws of the United States.

302.    In doing the acts alleged, Defendants also acted in their official capacities in regards to Studio Lodge Hotel by threatening to use force to remove both Plaintiffs.

303.    For these reasons, the Defendants are liable for violation of 42 U.S.C. § 1985.

304.    Each Defendant conspirator is jointly and severally liable for all damages resulting from the conspiracy, and where that conspiracy is proven, any act done by any one of the two or more persons so conspiring, in furtherance of the common design and in accordance with the general plan, becomes the act of all, and each conspirator is responsible for such act. It is not necessary, in order to establish the liability of a participant in an unlawful conspiracy, to show that such person was a party to its contrivance at its inception. In other words, a conspiracy may start with a few

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 79 of 144

participants and then add others as it progresses. If so, the conspirator who becomes a part of the conspiracy at or near the end is just as responsible for the damage that results as the one who was in it at the beginning. The actual time when any of them might have come into understanding makes no difference. Therefore, when it is shown that the individual who came in at a later date knew of the unlawful design and willfully aided in its execution, such individual is chargeable with the consequences that flowed from the unlawful design.

305.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust, Studio Lodge Hotel and DOES 1-20, Inclusive, on the eleventh cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**TWELFTH CAUSE OF ACTION---VIOLATION OF 42 USC § 1986 (NEGLECT TO PREVENT DEPRIVATION OF RIGHTS) ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL, & DOES 1-20, INCLUSIVE.**

306.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-305.

307.   At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of STUDIO LODGE HOTEL and both Plaintiffs were current on their rent every single week, and never submitted a late rental payment whatsoever.

308.   At all relevant times, Defendants' location 11254 Vanowen Street, Los Angeles, California general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel, and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild

and Arogant Hollywood discriminated against and removed from its premises permanently.
Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 80 of 144

309.    This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel., pursuant to its intentional and willful violations of Plaintiffs' civil rights under 42 USC § 1986.

310.    Plaintiffs Alison Helen Fairchild and Arogant Hollywood aver that 42 U.S.C. § 1986 creates a cause of action for the failure to prevent a conspiracy within the meaning of 42 U.S.C. § 1985:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

An essential element of a claim under 42 U.S.C. § 1986 is the existence of a § 1985(3) claim. Williams v. St. Joseph Hospital, 629 F.2d 448, 451-452 (7th Cir. 1980).

311.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Carasso Family Trust and Studio Lodge Hotel did, in violation of 42 U.S.C. § 1986, with knowledge of the wrongs conspired to be done at the request and instruction of one or more of the Defendants, were about to be committed, and having power to prevent or aid in preventing the commission of same, neglected or refused to do so, to wit: neglecting or refusing to prevent, with knowledge of a conspiracy to deprive, either directly or indirectly, Plaintiffs Arogant Hollywood as a member of the African-American/black class of persons, Alison Helen Fairchild as a member of the disabled/handicapped person of the equal protection of the laws, and of the equal privileges and immunities under the laws.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 81 of 144

312.     Defendants Carasso Family Trust and Studio Lodge Hotel and several employees of the Studio Lodge Hotel conspired to violate Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights by refusing to rent to both Plaintiffs, failing to place Plaintiff Alison Helen Fairchild in a handicapped room, and by conspiring to forcefully remove by Plaintiffs from their residential hotel room on February 17th 2017.

313.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Carasso Family Trust and Studio Lodge Hotel, and each of them, had knowledge of the § 1985 conspiracy(ies), the power to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild, and neglected or refused to protect Plaintiffs, and because of this Defendants Carasso Family Trust and Studio Lodge Hotel, and each of them, are liable under § 1986. Further, at least one or more of Studio Lodge Hotel Defendants were bystanders who many not themselves have been conspirators under § 1985, yet remain liable under § 1986. After all, those with knowledge of the underlying conspiracy puts them in the optimal position to prevent it. A negligent failure to protect by an actor with knowledge of a § 1985 conspiracy and power to protect its victims is actionable. *See Clark v. Clabaugh, 20 F.3d 1290, 1298 (3d Cir. 1994) (finding that negligence is sufficient to maintain § 1986).*

314.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that at least one or more of the Defendants could have stopped the conspiracy he or she was part of to violate Plaintiffs' civil rights on at least one, if not more, occasion. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that the facts, evidence and legal conclusions alleged in this Complaint demonstrate that at least one or more of Carasso Family Trust and Studio Lodge Hotel Defendants had actual knowledge of the § 1985 conspiracy, that at least one or more of Defendants had the power to prevent or aid in preventing the commission of the § 1985 violations, that at least one or more of Defendants neglected or refused to prevent the § 1985 conspiracy, and that one or more wrongful act(s) was committed by the conspirators.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 82 of 144

315.    For these reasons, each Defendants Carasso Family Trust and Studio Lodge Hotel are liable under 42 U.S.C. § 1986 for all damages that he or she could have prevented with reasonable diligence. *Clark v. Clabaugh, 20 F.3d at 1298.*

316.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel on the twelfth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**THIRTEENTH CAUSE OF ACTION--- VIOLATION OF CALIFORNIA CIVIL CODE OF PROCEDURE § 1159, 11254 VANOWEN STREET, LOS ANGELES, CALIFORNIA, ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE.**

317.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-316.

318.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

319.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 83 of 144

320.   At all relevant times, Defendants location 11254 Vanowen Street, general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

321.   At all relevant times Defendants' STUDIO LODGE HOTEL'S general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel and were fully involved with unlawful entry of Arogant Hollywood and Alison Helen Fairchild's residential hotel room by forcefully entering their residential hotel room, using law enforcement personnel to prevent them from reentering their room, and removing both Plaintiffs' personal belongings from their room without either plaintiff's consent.

322.   At all relevant times, Defendants Carasso Family Trust and Studio Lodge Hotel were the sole owners of STUDIO LODGE HOTEL, and at all relevant times stated throughout this lawsuit Defendants Carasso Family Trust and Studio Lodge Hotel were responsible for the management, guidance and leadership of subject location 11254 Vanowen Street, Los Angeles, California, stated above and throughout this lawsuit.

323.   This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel due to its intentional and willful violations of California Civil Code of Procedure § 1159.

324.   California Health and Safety Code § 50519 (b) (1) states: "Residential hotel" means any building containing six or more guestrooms or efficiency units, as defined by Section 17958.1, intended or designed to be used, or which are used, rented, or hired out, to be occupied, or which are occupied, for sleeping purposes by guests, which is also the primary residence of those guests, but does not mean any building containing six or more guestrooms or efficiency units, as defined by Section 17958.1, which is primarily used by transient guests who do not occupy that building as their primary residence.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 84 of 144

325.    Defendants' Studio Lodge Hotel contains more than six guestrooms. These guestrooms are the used, rented, or hired out, to be occupied, for the sleeping purposes by guests. Nearly 60% of Studio Lodge Hotel guests are residential tenants. Many of Studio Lodge Hotel's tenants have lived

in the very same residential hotel room for well over a year. Nearly 60% of Studio Lodge Hotel residential guests and tenants that have no other physical residence, and Studio Lodge Hotel is in fact these residential hotel guests/tenants' only primary residence. Many of Studio Lodge Hotel's tenants were homeless upon moving in because of an eviction or foreclosure from their former primary residence. Therefore, the Studio Lodge Hotel qualifies as a residential hotel as defined by California Health & Safety Code § 50519 (b) (1)

326.    California Civil Code § 1940.1(a) states: No person may require an occupant of a residential hotel. As defined in Section 50519 of the Health and Safety Code, to move, or to check out and reregister, before the expiration of 30 days' occupancy if a purpose is to have that occupant maintain transient occupancy status pursuant to paragraph (1) of subdivision (b) of Section 1940. Evidence that an occupant was required to check out and reregister shall create a rebuttable presumption, which shall affect solely the burden of producing evidence, of the purpose referred to in this subdivision. California Civil Code § 1940.1(b) states: In addition to any remedies provided by local ordinance, any violation of subdivision (a) is punishable by a civil penalty of five hundred ($ 500). In any action brought pursuant to this section, the prevailing party shall be entitled to reasonable attorney's fees.

327.    California Landlord-Tenant Practice 2nd Edition, Updated on April 15th 2015. Chapter 8 states the following: § 8.142 b. Kinds of Occupants Protected:

An occupant of real property who is forcibly evicted by the owner may invoke the protection of CCP §§ 1159 and 1160(see §§8.139-8.141), whether the occupant is a tenant, an employee, or a

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 85 of 144

licensee. *Eichhorn v. De La Cantera (1953) 117 CA2d 50*. It appears that even the legal tenant's spouse may bring the action if the spouse was in possession at the time of the eviction. *117 CA2d at 52.*

Lodgers, boarders, and tenants in certain residential hotels are protected from "self-help" evictions by CCP §1159, which defines the party in possession as "any person who hires real property and includes a boarder or lodger, except those persons whose occupancy is described in [CC § 1940(b) exempts a person who either (a) maintains transient occupancy, in a hotel, time-share, or other facility, subject to the hotel tax under Rev & TC §7280, or (b) has not made valid payment for all room and other related charges owing as of the last day on which the occupancy is or would be subject to that tax, or who (c) maintains occupancy in a hotel where the management retains a right to enter and control the rooms, and offers all the following services to every resident: facilities for safeguarding personal property, central telephone service, maid, mail, and room services, occupancy for fewer than 7 days, and food service meeting specified requirements. Landlords may use the unlawful detainer procedure to evict the protected categories of tenants, lodgers, boarders, and residential hotel tenants. "Tenant" for this purpose is defined as "any person who hires real property except those person occupancy is described in [CC §1940(b)]." CCP §1161.

The tenant's breach of the lease or rental agreement does not justify the landlord's use of "self-help" and is no defense to an action for forcible entry or detainer. This rule applies regardless of the nature of the tenant's breach. For example, tenants' lawsuits have been upheld when the tenant's breach involved nonpayment of rent (Jordan v. Talbot, supra), an unauthorized assignment of the lease (Kassan v. Stout, supra), and changing the locks (Eichhorn v. De La Cantera (1953) 117 CA2d 50)

328.    According to the Continuing Education of the Bar's California Eviction Defense Manual, 2nd Edition, updated in June 2014, Chapter 3, and Section VIII, the following is stated:

§3.11        VIII.  SELF-HELP EVICTIONS OF HOTEL GUESTS

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 86 of 144

Hotels may use self-help to evict guests who do not leave on the agreed date by the agreed time, under the following conditions. The guest must have been provided with, and signed, written notice at the time the accommodations were provided, that the innkeeper needed the room by that date and time to accommodate an arriving guest with a contractual right to the room. This must in fact be true, e.g., that the exact room which the guest occupies is contractually owed to a new guest's room, take possession of the guest's property, rekey the door, and make the room available to the arriving guest. CC §1865. Subsection (a) of CC §1865 specifically excludes "any residential hotel as defined in Section 50519 of the Health and Safety Code."

329.    In Rutter's Group Law book the California Practice Guide Landlord-Tenant, Updated in 2014, Chapter 7 the following is stated: [7.6.2] Limitation----no forced checkout and reregistration to trigger "transient status: However, proprietors of "residential hotels" (as defined in Health and Saf.C. § 50519) may not require occupants to move, or to check out and reregister, before the expiration of 30 days occupancy for the purpose of maintaining the occupant's transient (lodger) occupancy status under § 1940(b)(1). Evidence that an occupant was required to check out and reregister creates a rebuttable presumption affection the burden of producing evidence that the proprietor in fact was acting for the prohibited purpose of maintaining the occupant's transient occupancy status. [CC § 1940.1(a) & (b)

(A "residential hotel" is any building containing six or more guestrooms or efficiency units as defined by Health and Saf.C, § 17958.1, intended or designed to be used, or which are used, rented or hired out, to be occupied, or which are occupied, for sleeping purposes by guests, which is also the primary residence of those guests. See Health & Saf.C. § 50519 (b)(1).

330.    According to 7-210 California Real Estate Law & Practice § 210.10A (2015), the following is stated: No person may require an occupant to move, or to check out and reregister, before the expiration of 30 days occupancy if a purpose is to have that occupant maintain transient occupancy status pursuant to Cal Civ Code § 1940(b)(1) and thus of unlawful detainer.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 87 of 144

331.    On February 17th 2017 both plaintiffs were in actual and peaceable possession of the premises located at: 11254 Vanowen Street, in the City of Los Angeles, County of Los Angeles. ["The premises"].

332.    On or about that date, and without Plaintiffs' consent, Defendants Carasso Family Trust and Studio Lodge Hotel, forcibly entered the premises by the following means: By unlocking the plaintiffs' door without their consent and removing 100% of their personal belongings. By precluding the removal of the Plaintiffs' property, by placing a locking mechanism on their front door knob to prevent the plaintiffs from re-entering their own residential hotel room. By manipulating and deceiving Los Angeles police department peace officers so that officers would assist them in using forceful self-help tactics to prevent both Plaintiffs from re-entering their residential hotel room or remaining on the STUDIO LODGE HOTEL real property for any period of time without being arrested for trespassing.

333.    Defendants Carasso Family Trust and Studio Lodge Hotel took possession of the premises, and have continued in possession to the date that this complaint was filed, without either plaintiffs' consent.

334.    At all relevant times, the reasonable value of use of the premises has been **$ 5,000** per day. Damages have accrued at that rate, and will continue to accrue from the date of the forcible entry, until possession is returned to both plaintiffs.

335.    As a proximate result of Defendants' acts, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have suffered mental distress, discomfort, and annoyance. Damages in the amount to be determined at the time of trial, are being sought for forceful entry.

336.    Defendants Carasso Family Trust and Studio Lodge Hotel. actions were committed intentionally, with full knowledge that defendants were forcibly entering and dispossessing

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 88 of 144

plaintiffs. Therefore, Defendants' acts were committed with malice, and the damages alleged in paragraphs 317 through 335 should be supplemented by statutory damages under **Code of Civ. Proc. C. § 1174(b).**

337.    Defendants Carasso Family Trust and Studio Lodge Hotel violated **Civ. Proc. C. § 1159** by breaking into the plaintiffs' residential hotel room without permission from a superior court. A landlord's reentry is unlawful if it is forcible. Forcible entry is any entry that is not permitted by the tenant. No damage or actual violence is required. Right of re-entry is not a defense to an action for forcible entry. If a tenant is in peaceable actual possession, a defendant-landlord cannot assert a right of reentry that is provided for in a lease until he has gone through the judicial process. Any lease allowing for forcible entry would be void as contrary to public policy. The defendants' right of re-entry is not a defense to an action for forcible entry. Absent a voluntary surrender by the tenant, a landlord can only enforce his right of re-entry through the judicial process. See ***Jordan v. Talbot (1961) 55 C2d 597, 603***. Defendants Carasso Family Trust and Studio Lodge Hotel violated **Civ. Proc. C. § 1159** when they removed the both plaintiffs' personal belongings and when Studio Lodge Hotel general manager contacted Los Angeles police department in order to request peace officers assist in its forceful entry of both Plaintiffs.

338.    **WHEREFORE,** Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust, Studio Lodge Hotel and DOES 1-20, Inclusive, on the thirteenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**FOURTEENTH CAUSE OF ACTION--- VIOLATION OF CALIFORNIA CIVIL CODE OF PROCEDURE § 1160, 11254 VANOWEN STREET, LOS ANGELES, CALIFORNIA, ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE (FORCIBLE DETAINER EXECUTED BY DEFENDANTS.**

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 89 of 144

339.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-338.

340.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

341.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

342.    At all relevant times, Defendants location 11254 Vanowen Street, general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel, and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

343.    At all relevant times, Defendants' STUDIO LODGE HOTEL'S general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel and were fully involved with unlawful entry of Arogant Hollywood and Alison Helen Fairchild's residential hotel room by forcefully entering their residential hotel room, using law enforcement personnel to prevent them from reentering their room, and removing both Plaintiffs' personal belongings from their room without either plaintiff's consent.

344.    This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel due to its intentional and willful violations of California Civil Code of Procedure § 1160.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 90 of 144

345.   California Health and Safety Code § 50519 (b) (1) states: "Residential hotel" means any building containing six or more guestrooms or efficiency units, as defined by Section 17958.1, intended or designed to be used, or which are used, rented, or hired out, to be occupied, or which are occupied, for sleeping purposes by guests, which is also the primary residence of those guests, but does not mean any building containing six or more guestrooms or efficiency units, as defined by Section 17958.1, which is primarily used by transient guests who do not occupy that building as their primary residence.

346.   Defendants' Studio Lodge Hotel contains more than six guestrooms. These guestrooms are the used, rented, or hired out, to be occupied, for the sleeping purposes by guests. Nearly 60% of Studio Lodge Hotel's guests are residential tenants. Many of Studio Lodge Hotel's tenants have lived in the very same residential hotel room for well over a year. Nearly 60% of Studio Lodge Hotel's residential guests and tenants that have no other physical residence, and Studio Lodge Hotel is in fact these residential hotel guests/tenants' only primary residence. Many of Studio Lodge Hotel's tenants were homeless upon moving in because of an eviction or foreclosure from their former primary residence. Therefore, the Studio Lodge Hotel qualifies as a residential hotel as defined by California Health & Safety Code § 50519 (b) (1).

347.   California Civil Code § 1940.1(a) states: No person may require an occupant of a residential hotel. As defined in Section 50519 of the Health and Safety Code, to move, or to check out and reregister, before the expiration of 30 days' occupancy if a purpose is to have that occupant maintain transient occupancy status pursuant to paragraph (1) of subdivision (b) of Section 1940. Evidence that an occupant was required to check out and reregister shall create a rebuttable presumption, which shall affect solely the burden of producing evidence, of the purpose referred to in this subdivision. California Civil Code § 1940.1(b) states: In addition to any remedies provided by local ordinance, any violation of subdivision (a) is punishable by a civil penalty of five hundred ($ 500). In any action brought pursuant to this section, the prevailing party shall be entitled to reasonable attorney's fees.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 91 of 144

348.    California Landlord-Tenant Practice 2nd Edition, Updated on April 15th 2015. Chapter 8 states the following: § 8.142 b. Kinds of Occupants Protected:

An occupant of real property who is forcibly evicted by the owner may invoke the protection of CCP §§ 1159 and 1160(see §§8.139-8.141), whether the occupant is a tenant, an employee, or a licensee. *Eichhorn v. De La Cantera (1953) 117 CA2d 50*. It appears that even the legal tenant's spouse may bring the action if the spouse was in possession at the time of the eviction. *117 CA2d* at 52.

Lodgers, boarders, and tenants in certain residential hotels are protected from "self-help" evictions by CCP §1159, which defines the party in possession as "any person who hires real property and includes a boarder or lodger, except those persons whose occupancy is described in [CC § 1940(b) exempts a person who either (a) maintains transient occupancy, in a hotel, time-share, or other facility, subject to the hotel tax under Rev & TC §7280, or (b) has not made valid payment for all room and other related charges owing as of the last day on which the occupancy is or would be subject to that tax, or who (c) maintains occupancy in a hotel where the management retains a right to enter and control the rooms, and offers all the following services to every resident: facilities for safeguarding personal property, central telephone service, maid, mail, and room services, occupancy for fewer than 7 days, and food service meeting specified requirements. Landlords may use the unlawful detainer procedure to evict the protected categories of tenants, lodgers, boarders, and residential hotel tenants. "Tenant" for this purpose is defined as "any person who hires real property except those person occupancy is described in [CC §1940(b)]." CCP §1161.

The tenant's breach of the lease or rental agreement does not justify the landlord's use of "self-help" and is no defense to an action for forcible entry or detainer. This rule applies regardless of the nature of the tenant's breach. For example, tenants' lawsuits have been upheld when the tenant's breach involved nonpayment of rent (Jordan v. Talbot, supra), an unauthorized assignment of the lease (Kassan v. Stout, supra), and changing the locks (Eichhorn v. De La Cantera (1953) 117 CA2d 50)

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 92 of 144

349.   According to the Continuing Education of the Bar's California Eviction Defense Manual, 2nd Edition, /updated in June 2014, Chapter 3, and Section VIII, the following is stated:

§3.11          VIII.  SELF-HELP EVICTIONS OF HOTEL GUESTS

Hotels may use self-help to evict guests who do not leave on the agreed date by the agreed time, under the following conditions. The guest must have been provided with, and signed, written notice at the time the accommodations were provided, that the innkeeper needed the room by that date and time to accommodate an arriving guest with a contractual right to the room. This must in fact be true, e.g., that the exact room which the guest occupies is contractually owed to a new guest's room, take possession of the guest's property, rekey the door, and make the room available to the arriving guest. CC §1865. Subsection (a) of CC §1865 specifically excludes "any residential hotel as defined in Section 50519 of the Health and Safety Code."

350.   In Rutter's Group Law book the California Practice Guide Landlord-Tenant, updated in 2014, Chapter 7 the following is stated: [7.6.2] Limitation----no forced checkout and reregistration to trigger "transient status: However, proprietors of "residential hotels" (as defined in Health and Saf. C. § 50519) may not require occupants to move, or to check out and reregister, before the expiration of 30 days occupancy for the purpose of maintaining the occupant's transient (lodger) occupancy status under § 1940(b)(1). Evidence that an occupant was required to check out and reregister creates a rebuttable presumption affection the burden of producing evidence that the proprietor in fact was acting for the prohibited purpose of maintaining the occupant's transient occupancy status. [CC § 1940.1(a) & (b)

(A "residential hotel" is any building containing six or more guestrooms or efficiency units as defined by Health and Saf.C, § 17958.1, intended or designed to be used, or which are used, rented or hired out, to be occupied, or which are occupied, for sleeping purposes by guests, which is also the primary residence of those guests. See Health & Saf.C. § 50519 (b)(1).

351.   On February 17th 2017, without Plaintiffs' consent, Defendants Carasso Family Trust and Studio Lodge Hotel entered and took possession of the premises.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 93 of 144

352.    Defendants Carasso Family Trust and Studio Lodge Hotel forcibly prevented Plaintiffs from regaining possession of the premises by the following means: Removing 100% of their personal belongings from their residential hotel room, and contacting the Los Angeles police department to prevent re-entry, and deny both Plaintiffs lawful possession of said premises and their personal property.  Defendants Carasso Family Trust and Studio Lodge Hotel's actions resulted in Alison Fairchild having a multiple sclerosis relapse attack on her frail body due to the stress caused by Defendants since January 27th 2017. The pain and suffering that Alison Helen Fairchild endured, will result in damages of **$ 900,000.**

353.    Defendants Carasso Family Trust and Studio Lodge Hotel have continued in possession of the premises to the date on which this complaint was filed, without Plaintiffs' consent.

354.    Defendants' actions were committed intentionally, with full knowledge that Defendants were forcibly entering and dispossessing Plaintiffs. Therefore, Defendants' acts were committed with malice, and the damages incurred by Plaintiff should be supplemented by statutory damages under **Code of Civil Procedure § 1174(b)**

355.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel on the fifteenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

## SIXTEENTH-CAUSE OF ACTION---CIVIL CONSPIRACY-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 94 of 144

356.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-355.

357.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

358.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

359.    At all relevant times, Defendants location 11254 Vanowen Street, general manager, supervisors and employees were employed by Carasso Family Trust and Studio Lodge Hotel, and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from its premises permanently.

360.    This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel, due to its intentional and willful violations of Plaintiffs' civil rights.

361.    The elements of a civil conspiracy in the state of California are (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting. See *Mosier v. Southern California Physicians Insurance Exchange (1998) 63 Cal.App.4th 1022, 1048 [74 Cal.Rptr.2d 550]*

362.    "[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor or regardless of the degree of his activity. See

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 95 of 144

*Applied Equipment Corp., supra, 7 Cal. 4th at p. 511.*

363.   "The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act. The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron v. Movie Acquisition Corp. (1995) 40 Cal. App. 4th 1571, 1582 [47 Cal. Rptr. 2d 752].*

364.   A civil conspiracy is a combination of two or more persons to accomplish by concerted action a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means. See *Parkinson Co. v. Building Trades Council (1908) 154 Cal. 581, 593, 98 P. 1027; Peskin v. Squires (1957) 156 Cal. App. 2d 240, 246, 319 P.2d 405]*

365.   It is a legal commonplace that the existence of a conspiracy may be inferred from circumstances, and that the conspiracy need not be the result of an express agreement but may rest upon tacit assent and acquiescence. See *Holder v. Home Savings & Loam Assn. of Los Angeles (1968) 267 Cal. App. 2d 91, 108 [72 Cal. Rptr. 704], Wyatt v. Union Mortgage Co. (1979) 24 Cal. 3d 773, 785, 786, 157 Cal. Rptr. 392, 598 P.2d 45.*

366.   The agreement of defendants to conspire need not be proved by direct evidence but may be shown by circumstantial evidence that tends to show a common intent. See *Peterson v. Cruickshank (1956) 144 Cal. App. 2d 148, 163, 300 P.2d 915.*

367.   Civil conspiracy in and of itself is not a tort. Thus, the labeling of an action as one for conspiracy to commit some tort is misleading since the cause of action for damages for conspiracy arises out of the commission of some wrongful act by one or more of the conspirators with damage resulting from it. See *Unruh v. Truck Ins. Exh. (1972) 7 Cal. 3d 616, 631, 102 CalRptr. 815, 498*

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 96 of 144

*P.2d 1063; Hendy v. Losse (1991) 54 Cal.3d 723, 732, 1 Cal. Rptr. 2d 543, 819 P.2d 1]*

368.    The advantage gained in alleging a conspiracy is that the act of one during the conspiracy is the act of all if done in furtherance of the conspiracy. See *Mox Inc. v. Woods (1927) 202 Cal. 675, 678, 262 P.302; De Vries v. Brumback (1960) 53 Cal. 2d 643, 2 Cal. Rptr. 764, 349 P.2d 532].*

369.    The liability of the defendants is thus joint and several. *See Lomita Land & Water Co. v. Robinson (1908) 154 Cal. 36, 46, 97 P.10, Prince v. Harting (1960) 177 Cal. App. 2d 720, 728, 2 Cal. Rptr. 545; Kesmodel v. Rand (2004) 119 Cal. App. 4th 1128, 1143 15 Cal. Rptr. 3d 1181]*

370.    If the conspiracy is sufficiently pleaded, each participant in the conspiracy may be responsible as a joint tortfeasor for all damages ensuing from the underlying wrong, regardless of whether he or she was a direct actor or of the degree of his or her activity. See Bank of Cal. V. Pan Am. Tire Corp. (1982) 132 Cal. App. 3d 843, 847-848, 183 Cal. Rptr. 4701.

371.    Liability for civil conspiracy may be imposed even if the defendant committed no overt act whatsoever and gained no benefit therefrom. See *Mox Inc. v. Woods (1927) 202 Cal. 675, 677-678, 262 P. 302; Wetherton v. Growers Farm Labor Ass'n (1969) 275 Cal. App. 2d 168, 176, 79 Cal. Rptr. 543].*

372.    Generally, those jointly and severally liable for tortious activity arising out of a conspiracy or concerted action include all those who in pursuance of a common plan or design to commit a tortious act, actively take part in it, further it by cooperation or request, lend aid or encouragement to the wrongdoers, or ratify and adopt his or her acts done by their benefit. See *Cully v. Blanca (1986) 186 Cal. App. 3d 1172, 1176, 231 Cal. Rptr. 279; Orser v. George (1967) 252 Cal. App. 2d 660, 667, 60 Cal. Rptr. 708; Sindell v. Abbott Labs (1980) 26 Cal. 3d 588, 604, 163 Cal. Rptr. 132, 607 P.2d 924]*

**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
-Page 97 of 144

373.   A complaint for civil conspiracy states a cause of action only when it alleges the commission of a civil wrong that causes damage; although conspiracy may render additional parties liable for the wrong or increase the damages for which any one conspirator is liable, the conspiracy itself, no matter how atrocious, is not actionable without the wrong. See *Okin v. Superior Court (1981) 29 Cal. 3d 442, 454, 175 Cal. Rptr. 157, 629 P.2d 1369, Widdows v. Koch (1968) 203 Cal. App. 2d 228, 234, 69 Cal. Rptr. 464.*

374.   It is not essential that there be an agreement, as may be implied in the word "conspiracy", but it is essential that each particular defendant charged with responsibility proceeded tortuously, that is, with intent to commit a tort, or with negligence. See *Orser v. George (1967) 252 Cal. App. 2d 660, 667, 60 Cal. Rptr. 708].* Thus, each defendant is a tortfeasor, acting or failing to act in such a way as to be concurrent legal cause of the damage to the plaintiff. See *Summers v. Tice (1948) 33 Cal. 2d 80, 84-85, 199 P.2d 1; Orser v. George (1967), supra.*

375.   In one case, for example, the defendant was charged with conspiring with a doctor and sanitarium to falsely imprison the plaintiff in the sanitarium. The defendant was found liable as a conspirator. Although there was no direct evidence of an agreement between the defendant and the others charged in the conspiracy to falsely imprison the plaintiff, the fact that the defendant had a motive to want the sufficient to support the finding of conspiracy. See *Peterson v. Cruickshank, supra, (1950) 144 Cal. App. 2d 148, 300 P.2d 915.*

376.   A person who joins a conspiracy after its inception is liable for acts of the conspiracy committed prior to the time of joining. See *De Vries v. Brumback (1960) 53 Cal. 2d 643, 2 Cal. Rptr. 764, 349 P.2d 532.*

**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
–Page 98 of 144

377.   A person's membership in a conspiracy may be inferred from the nature of the acts done, the relation of the parties, and the interests of the conspirators. See *Wyatt v. Union Mortgage Co. (1979) 24 Cal 3d 773, 785, 157 Cal. Rptr. 392, 598 P.2d 45.*

378.   Agents and employees may be liable under a conspiracy theory even though they are acting on behalf of another.  See *Revert v. Hesse (1920) 184 Cal. 295, 302-303, 193 P. 943*

379.   Furthermore, if a person has entered a conspiracy calling for joint action, it is not a defense that the person's actual participation amounted only to advising the active member of the conspiracy or acting as that member's agent. See *Wetherton v. Growers Farm Labor Ass'n (1969) 275 Cal. App. 2d 168, 177, 79 Cal. Rptr. 543*

380.   The basis of conspiracy liability is always a wrongful act that causes damage to a plaintiff. See *Wise v. S. Pac. Co (1963) 223 Cal. App. 2d 50, 64, 35 Cal. Rptr. 652; Riner v. Paskan (1963) 213 Cal. App. 2d 499, 503-504, 28 Cal. Rptr. 846, Peter v. Cruickshank (1956) 144 Cal. App. 2d 163, 300 P.2d 915; Andrews v. Young (1937) 21 Cal. App. 2d 523, 526, 69 P.2d 891*

381.   Liability under a conspiracy theory exists when there has been formed and operated a conspiracy to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means which results in actual damage. See *Clark v. Leshner (1951) 106 Cal. App. 2d 403, 409 235 P.2d 71.*

382.   Although the act that causes plaintiff's damage must be wrongful, it need not be a criminal act nor constitute a statutory violation. See *Rogers v. Grua (1963) 215 Cal. App. 2d 1, 7, 30 Cal. Rptr. 39.*

**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
–Page 99 of 144

383.    Liability may be founded on conspiracy to commit an act that constitutes a tort, see *Taylor v. S & M Lamp Co. (1961) 190 Cal. App. 2d 700, 706, 12 Cal. Rptr. 323.*, and a specific injury is not required. *Naverrete v. Meyer (2015) 237 Cal. App. 4th 1276, 188 Cal. Rptr. 3d 623.*

384.    A conspiracy involving the violation of a person's civil rights as defined by the Civil Code may be the basis of liability. See California Civil Code § 51 *et seq.*

385.    Such liability may be attach under the express language of the Code which provides aiding or inciting another to discriminate are liable for the damages. See California Civil Code § 52(a), (b)

386.    In addition, the common-law rule applicable to joint tortfeasors will serve to impose liability on those who are parties to an agreement or concerted action to violate the civil rights or another. See *Wagner v. O'Bannon (1969) 274 Cal. App. 2d 121, 132, 79 Cal. Rptr. 44*

387.    Liability for a conspiracy to violate the civil rights of a person may be found under federal law as well as state. Under Section 1983 of Title 42 of the United States Code, an action may be brought against any persons conspiring to deprive a person of any right, privilege, or immunity secured by the Constitution, as long as one of the conspirators is an agent of the state or the wrong was otherwise under color of state law. See *42 U.S.C. § 1983; Fonda v. Gray (9th Cir. 1983) 707 F.2d 435, 437*

388.    In addition, conspiracies to interfere with the civil rights of another are expressly actionable under the Code. See *42 U.S.C. § 1985, Life Ins. Co. of N. Am. V. Reichardt (9th Cir. 1979) 591 F.2d 499, 502-506.*

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 100 of 144