389.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that, on information and belief, Defendants Carasso Family Trust and Studio Lodge Hotel entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights under federal law.

390.    In furtherance of the conspiracy, Defendants' Studio Lodge Hotel management admitted to Plaintiffs Arogant Hollywood and Alison Helen Fairchild that would have to check out their residential hotel room for no reason at all. These actions were a violation of Plaintiffs' constitutional rights based on Plaintiff Hollywood race, and based on Plaintiff Fairchild's disability. As similarly situated guests/tenants were treated differently, and one more than one Studio Lodge Hotel employee/agent conspired to injure Plaintiffs and deny them advantages, privileges and accommodations to stay at Studio Lodge Hotel.

391.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that upon information and belief, Defendants Carasso Family Trust and Studio Lodge Hotel combined and conspired wrongfully to discriminate against Plaintiffs for the purpose of injuring Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

392.    As a direct and proximate result of Defendants' tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have suffered actual damages and is entitled to the relief sough herein.

393.    As a direct and proximate result of Defendants' conduct, Plaintiffs Arogant Hollywood and Alison Helen Fairchild might be required to obtain mental health treatment in an amount to be determined by proof at trial and will, in the future, be compelled to incur additional obligations for mental health treatment in an amount to be determined by proof at trial.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 101 of 144

394.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers Defendants Carasso Family Trust and Studio Lodge Hotel., are liable to Plaintiffs for actual and punitive damages given their civil conspiracy.

395.    Under the doctrine of respondeat superior, Defendants Carasso Family Trust and Studio Lodge Hotel., and/or the Studio Lodge Hotel employer of the conspiring Defendants and those JANE DOE and/or JOHN DOE Defendants involved is or are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Arogant Hollywood as aforesaid.

396.    **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel and DOES 1-20, Inclusive, on the sixteenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**SEVENTEENTH CAUSE OF ACTION---NEGLIGENCE-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE**

397.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-396.

398.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 102 of 144

399.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

400.    This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel due to its intentional and willful violations of Plaintiffs' civil rights.

401.    In choosing to operate a residential hotel community motel open to the public, Defendants Carasso Family Trust and Studio Lodge Hotel undertook the duty to exercise reasonable care to operate and maintain the safety of the public who book, rented and leased rooms in Defendants' Studio Lodge Hotel building.

402.    A cause of action for negligence requires Plaintiffs Arogant Hollywood and Alison Helen Fairchild establish (1) the Defendants Carasso Family Trust and Studio Lodge Hotel owed a duty of care to Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (2) at least one or more of Defendants' breached that duty by a negligent act or omission; and (3) the Defendants Carasso Family Trust and Studio Lodge Hotel's breach was the actual and proximate cause of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's injury(ies); and (4) Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered an injury or damages resulting from Defendants Carasso Family Trust and Studio Lodge Hotel's breach.

403.    Negligence is governed by California Civil Code § 1714. The presumption of negligence based on violation of statute is governed by California Evidence Code § 669. Comparative negligence is governed by *Li v. Yellow Cab Co. (1975) 13 Cal. 3d 804, 119 Cal. Rptr. 858, 532 P.2d 1226*. Assumption of the risk is governed by *Knight v. Jewett (1992) 3 Cal. 4th 296, 11 Cal. Rptr. 858, 532 P.2d 1226*. Assumption of the risk is governed by *Knight v. Jewett (1992) 3 Cal. 4th 296, 11 Cal. Rptr. 2d 2, 834 P.2d 696*.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 103 of 144

404.    The cause of action for negligence requires that the defendant breached a duty of care owed to the plaintiff or to a class of persons of which the plaintiff is a member. This is an indispensable prerequisite to the imposition of liability based on negligence See Richards v. Stanley (1954) 43 Cal. 2d 60, 63, 271 P.2d 23; Valdez v. J.D. Diffenbaugh Co. (1975) 51 Cal. App. 3d 494, 505, 124 Cal. Rptr. 467]. The requirement of duty is an obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks. See *[Prosser and Keeton on the Law of Torts (5th ed. 1984) ch. 5, § 30, p. 164, Hilvar v. Union Ice Co. (1955) 45 Cal. 2d 30, 36-37, 286 P.2d 21; Peter W. v. San Francisco Unified Sch. Dist. (1976) 60 Cal. App. 3d 814, 822, 131 Cal. Rptr. 854].*

405.    Negligence is the omission to do something which a reasonable man, guided by those considerations which ordinary regulate the conduct of human affairs, would do, something which a prudent and reasonable man would not do. See *Jamison v. San Jose & S.C.R. Co. (1880) 55 Cal. 593, 1889 Cal LEXIS 328; Smith v. Whittier (1892) 95 Cal. 279, 30 P 529, 1892 Cal LEXIS 816; Henderson v. Los Angeles Traction Co. (1907) 150 Cal. 689, 89 P 976, 1907 Cal. LEXIS 573; Montijo v. Samuel Goldwyn, Inc. (1931) 113 Cal. App. 57, 297 P 949, 1931 (1941, Cal. App.) 44 Cal. App. 2d 236, 112 P2d 43, 1941 Cal App LEXIS 978.*

406.    Negligence is the failure to observe, for the protection of the interests of another person, that degree of care, precaution, and vigilance which the circumstances justly demand, whereby such other person suffers injury. See *Barret v. Southern Pacific Co. (1891) 91 Cal 296, 27 P 266, 1891 Cal LEXIS 1085; Coughman v. Harman (1933, Cal App) 135 Cal App 49, 26 P2d 851, 1933 Cal App LEXIS 138.*

407.    Negligence may consist of negative acts or careless omissions, and liability for injury sustained may attach not only for the result of one's deliberate negligent act, but also for his failure to exercise due care in the performance of his duty or the management of his property. See *Gibbons*

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 104 of 144

*v. Naritoka (1929, Cal App) 102 Cal App 669, 283 P 845, 1929 Cal App LEXIS 150.*

408.    Negligence is a failure to exercise the degree of care in a given situation that a reasonable man under similar circumstances would exercise to protect others from harm. See *Donnelly v. Southern Pacific Co. (1941) 18 Cal. 2d 832, 129 P2d 353, 1942 Cal LEXIS 432.*

409.    Negligence is conduct which falls below standard established by law for protection of others against unreasonable risk of harm. See *Barbaria v. Independent Elevator Co. (1956, Cal App 1st Dist) 139 Cal App 2d 474, 293 P2d 855, 1956 Cal App LEXIS 2132.*

410.    Negligence may be passive in character, it may consist of heedlessly refraining from doing proper thing, and which circumstances call for activity, one who does not do what he should do is negligent. See *Berry v. Berry (1956, Cal App 4th Dist) 140 Cal App 2d 881, 296 P2d 7, 1956 Cal App LEXIS 2338*

411.    Negligence is doing of some act which reasonably prudent person would not do or failure to do something which reasonably prudent person would do actuated by those considerations which ordinary regulate conduct of human affairs; it is failure to use ordinary care in management of one's property or person. See *Cucuk v. Payne (1956, Cal App 4th Dist) 140 Cal App 2d 881, 296 P2d 7, 1956 Cal App LEXIS 2338.*

412.    Negligent conduct may be either act which actor as reasonable man should realize as involving unreasonable risk of causing invasion of interest of another, or failure to do act which is necessary for protection or assistance of another and which actor is under a duty to do. See *Coates v. Chinn (1958) 51 Cal 2d 304, 332 P2d 289, 1958 Cal LEXIS 234; Sprecher v. Adamson Companies (1981) 30 Cal 3d 358, 178 Cal Rptr 783, 636 P2d 1121, 1981 Cal LEXIS 196.*

**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
−Page 105 of 144

413.    Active negligence is negligent conduct of active operations. See *Howard v. Howard (1960), Cal App 1st Dist) 195 Cal App 2d 809, 16 Cal Rptr 265, 1961 Cal App LEXIS 1526.*

414.    Defendants Carasso Family Trust and Studio Lodge Hotel executed negligence by their deliberate, willful and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

415.    The elements necessary to establish a presumption of negligence arises from statutory violations are pursuant to California Evidence Code § 669 (a);

- The person violated a statute, ordinance, or regulation of a public entity;
- The violation directly and legally (proximately) caused death or injury to person or property;
- The death or injury resulted from an occurrence of the nature that the statute, ordinance, or regulation was designed to prevent; and
- The person suffering the death or injury to his or her person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

416.    Plaintiffs commonly invoke statutory standards in negligence actions to establish a defendant's breach of duty. In these cases, proof of the defendant's violation of a statutory standard of conduct raises a presumption of negligence that may be rebutted only by evidence establishing a justification or excuse for the statutory violation. See *Ramirez v. Plough, Inc. (1993) 6 Cal. 4th 539, 547, 25 Cal. Rptr. 2d 97, 863 P.2d 1671.*

417.    Application of the presumption of negligence arising from a statutory violation means the court has adopted the conduct prescribed by the statute as the standard of care for a reasonable person under the circumstances. Therefore, a violation of the statute is presumed to be negligence. See *Casey v. Russell (1982) 138 Cal. App. 3d 379, 383, 188 Cal. Rptr. 181.* Once the presumption is

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 106 of 144

established, the party against whom it operates has the burden of proving the nonexistence of the presumed negligence. See California Evidence Code § 606.

418.    Defendants Carasso Family Trust and Studio Lodge Hotel violated many state laws when they forcefully removed Plaintiffs Arogant Hollywood and Alison Helen Fairchild from his residential hotel for no reason at all.

419.    Carasso Family Trust and Studio Lodge Hotel many federal laws after they treated Plaintiff Arogant Hollywood differently than other white guests/tenants, and Plaintiff Alison Helen Fairchild different than other non-handicapped guests/tenants depriving both Plaintiffs of their constitutional rights.

420.    Defendants Carasso Family Trust and Studio Lodge Hotel violated many state and federal laws when they refused to accept money from Plaintiffs for no reason.

421.    Defendants Carasso Family Trust and Studio Lodge Hotel violated many state and federal laws when they failed to relocate Plaintiff Alison Helen Fairchild to accessible handicapped residential hotel room.

422.    Because of the actions of Defendants Carasso Family Trust and Studio Lodge Hotel, an occurrence of an injury occurred to Plaintiffs Arogant Hollywood and Alison Helen Fairchild from January 27th 2017 and until this present day suffered intense emotional and mental distress while being wrongfully discriminated against and mistreated by said Defendants and their residential hotel location 11254 Vanowen Street, Los Angeles, California.

423.    In negligence actions, the doctrine of res ipsa loguitur applies if the occurrence of an injury is of such a nature that it can be said, in light of past experience, that it probably was the result by

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 107 of 144

someone and that the defendant probably is the person responsible. See *Gannon v. Elliot (1993) 19 Cal. App. 4th 1, 6, 23 Cal. Rptr. 2d 861*. In determining whether these probabilities exist with respect to a particular occurrence, the courts have relied on both expert testimony and common knowledge.

424.    The general conditions for the application of the doctrine are:

■ The accident must be of a kind that ordinary does not occur in the absence of someone's negligence.

■ It must be caused by an agency or instrumently within the defendant's exclusive control; and

■ It must not have been due to any voluntary action or contribution on the plaintiff's part. See *Newing v. Cheatham (1975) 15 Cal. 3d 351, 359, 124 Cal. Rptr. 193, 540 P.2d 331*.

425.    Once these conditions havae been met, a presumption affecting the burden of producing evidence is created [Evid. Code § 646(b)], requiring a finding of negligence unless the defendant introduces sufficient evidence to sustain a finding that either (1) the accident resulted from some cause other than the defendant's negligence, or (2) the defendant exercised due care in all possible respects in which he or she might have been negligent.

426.    Doctrines establishes defendant's negligence as matter of law if defendant fails to produce evidence sufficient to support a finding that he or she was not negligent or that any negligence on his or her part was not a proximate cause of the occurrence, the trier of fact may still find the defendant liable based on the facts that gave rise to the rise to the res ipsa presumption as well as the other evidence in the case. See California Evidence Code §§ 604, 646(c)

427.    The doctrine of res ipsa loguitur is applicable against more than one defendant if circumstances show a probability that all defendants were negligent. See *Zentz v. Coca-Cola Bottling Co. (1952) 39 Cal. 2d 436, 446, 247 P.2d 344*.

**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
–Page 108 of 144

428.    The doctrine may be applied even though any one defendant could argue that it is more likely that the negligence of the other defendants was responsible for the plaintiff's injuries. See *Ybarra v. Spangard (1944) 25 Cal. 2d 486, 489-490, 154 P.2d 687.*

429.    A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission. A gratuitous licensee other than a business visitor. A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them. For all purposes of every single allegation mentioned throughout this complaint. Plaintiffs Arogant Hollywood and Alison Helen Fairchild were gratuitous licensees of a residential hotel room at the Studio Lodge Hotel at all relevant times of Defendants negligence mentioned and stated herein. See Restatement of the Law, Torts, § 329, *et seq.; Osttinger v. Stewart, 24 Cal. 2d 133, 136, 148 P.2d 19, 156 A.L.R. 1221.*

430.    Two doctrines may be implicated in assessing liability against an employer. One doctrine is respondeat superior, pursuant to which the employer is indirectly or vicariously liable for torts committed by its employees within the scope of their employment. The other doctrine is an agency theory pursuant to which an employer may be directly liable for acts of its agents. Vicarious liability based on the tort doctrine of respondeat superior and direct liability based on the theory of actual or ostensible agency are different liability theories which cases do not always distinguish between. See *Myers v. Trendwest Resorts, Inc., (2007) 148 Cal. App. 4th 1403, 56 Cal. Rptr. 3d 501*

431.    The doctrine is a departure from the general tort principle that liability is based on fault. [Citation.] It is ' "a rule of policy, a deliberate allocation of a risk." ' [Citations.] Respondeat superior is based on ' "a deeply rooted sentiment" ' that it would be unjust for an enterprise to disclaim

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 109 of 144

responsibility for injuries occurring in the course of its characteristic activities. [Citations.] [P] Recently, we articulated three reasons for applying the doctrine of respondeat superior: (1) to prevent recurrence of the tortious conduct; (2) to give greater assurance of compensation for the victim; and (3) to ensure that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury. [Citations.].  For the doctrine of respondeat superior to apply, the plaintiff must prove that the employee's tortious conduct was committed within the scope of employment. [Citation.] 'A risk arises out of the employment when "in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. [Citations.  ] In other words, where the question is one of vicarious liability, the inquiry should be whether the risk was one 'that may fairly be regarded as typical of or broadly incidental' to the enterprise undertaken by the employer. [Citation.]" ' [Citation.]. Tortious conduct that violates an employee's official duties or disregards the employer's express orders may nonetheless be within the scope of employment. [Citations.] So may acts that do not benefit the employer [citation], or are willful or malicious in nature [citations]. [P] The doctrine of respondeat superior applies to public and private employers alike." ( *Mary M., supra, 54 Cal. 3d at pp. 208-209; accord, Perez v. Van Groningen & Sons, Inc. (1986) 41 Cal. 3d 962, 968 [227 Cal. Rptr. 106, 719 P.2d 676].); Maria D. v. Westec Residential Sec., 85 Cal. App. 4th 125, 102 Cal. Rptr. 2d 326, 2000 Cal. App. LEXIS 913.*

432.    The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment.

433.    Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship.

**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
–Page 110 of 144

434.    Just as an employee can act to cause another's injury in a tortious manner, so can an employer be independently liable in tort.

435.    At all times as alleged herein, the individual defendants, JANE DOES, JOHN DOES, were acting both individually and within the course and scope of their employment with Studio Lodge Hotel, and Defendants Carasso Family Trust and Studio Lodge Hotel.

436.    Under the doctrine of respondeat superior, Defendants Carasso Family Trust and Studio Lodge Hotel are liable in actual and punitive damages to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for its employees', agents' and representatives' negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid.

437.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that Defendants were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with respect to Plaintiffs Arogant Hollywood and Alison Helen Fairchild by:

a. Failing to exercise due care under the circumstances;

b. Failing to sufficiently monitor Plaintiffs' interaction with Studio Lodge Hotel personnel;

c. Failing to properly train Studio Lodge Hotel staff to ensure the safety of Plaintiffs Arogant Hollywood and Alison Helen Fairchild;

d. Failing to institute and/or enforce adequate policy and procedure to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild from abuse by all Studio Lodge Hotel employees, and

All other JOHN DOE and/or JANE DOE defendants;

e. Intentionally renting a room to Plaintiffs in which Plaintiff Fairchild could not use the bathroom without first crawling out of her wheelchair;

f. Failing to use discretion when booking rooms, thus creating a very unsafe

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 111 of 144

environment by booking rooms to drug addicts and street prostitutes.

g.  Intentionally refusing to rent to Plaintiffs for no reason at all, for no cause of wrongdoing on the part of either Plaintiffs;

h.  Condoning all wrongful acts alleged throughout this complaint done by employees of Defendants Carasso Family Trust and Studio Lodge Hotel;

i.  Intentionally failing to police and handle disruptive Studio Lodge Hotel guests that deliberately disturbed both Plaintiffs;

j.  Allowing and permitting Studio Lodge employees to disturb Plaintiffs at all sorts of times during the night and day, especially after 11 p.m.

k.  By forcefully removing both Plaintiffs from their residential hotel room;

l.  Any other particulars which may be shown at trial.

438.   As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiffs Arogant Hollywood and Alison Helen Fairchild sustained injuries and damages including, without limitation, embarrassment, loss of their real property, humiliation, pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees.

439.   Defendants Carasso Family Trust and Studio Lodge Hotel are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

440.   Under the doctrine of respondeat superior, Defendants Carasso Family Trust and Studio Lodge Hotel, and all JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs Arogant Hollywood and Alison Helen Fairchild as aforesaid.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 112 of 144

441.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel on the seventeenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**EIGHTEENTH CAUSE OF ACTION---NEGLIGENCE SUPERVISION and/or RETENTION-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE**

442.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-441.

443.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

444.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

445.    This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel, due to its intentional and willful violations of Plaintiffs' civil rights.

446.    In choosing to operate a residential hotel community motel open to the public, Defendants Carasso Family Trust and Studio Lodge Hotel undertook the duty to exercise reasonable care to operate and maintain the safety of the public who book, rented and leased rooms in Defendants'

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 113 of 144

Studio Lodge Hotel building.

447.    At the time, Plaintiffs Arogant Hollywood and Alison Helen Fairchild sought reasonable accommodations from Studio Lodge Hotel, each individual Defendant was acting both individually and within the course and scope of his or her employment with Studio Lodge Hotel and Defendants Carasso Family Trust and Studio Lodge Hotel.

448.    At the time, Plaintiff Arogant Hollywood was racially discriminated against each and every individual Defendant was acting both individually and within the course and scope of his or her employment with Defendants Carasso Family Trust and Studio Lodge Hotel.

449.    At the time, Plaintiff Alison Helen Fairchild was discriminated against based on her disability each individual Defendant was acting both individually and within the course and scope of his or her employment with Defendants Carasso Family Trust and Studio Lodge Hotel.

450.    At the time, Plaintiff was fraudulently evicted by way of an illegal and unlawful forceful entry each individual Defendant was acting both individually and within the course and scope of his or her employment with Defendants Carasso Family Trust and Studio Lodge Hotel.

451.    At the time of Studio Lodge Hotel's unlawful removal of Plaintiffs' personal property from a residential hotel room Plaintiffs was peacefully in lawful possession thereof, each individual Defendant was acting individually and within the scope of his or her employment with Defendants Carasso Family Trust and Studio Lodge Hotel.

452.    At the time of Studio Lodge Hotel's failure to police and monitor illegal activities within its property, creating an unsafe environment for Plaintiffs, each individual Defendant was acting both individually and within the course and scope of his or her employment with Defendants Carasso

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 114 of 144

Family Trust and Studio Lodge Hotel.

453.    In choosing to operate the Studio Lodge Hotel community residential hotel in California, Defendants Carasso Family Trust and Studio Lodge Hotel undertook the duty to exercise reasonable care in hiring, retaining and supervising its employees, agents or representatives of Studio Lodge Hotel.

454.    California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee. See *Doe v. Capital Cities (1996) 50 Cal. App.4th 1038, 1054 [58 Cal. Rptr. 2d 122].*

455.    "Negligence liability will be imposed on an employer if it knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes. See *Phillips v. TLC Plumbing, Inc. (2009) 172 Cal. App. 4th 1133, 1139 [91 Cal. Rptr. 3d 864].*

456.    Liability for negligent hiring and supervision is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees. The tort has developed in California in factual settings where the plaintiff's injury occurred in the workplace, or the contact between the plaintiff and the employee was generated by the employment relationship. See *Mendoza v. City of Los Angeles (1998) 66 Cal. App. 4th 1333, 1339-1340 [78 Cal. Rptr. 2d 525].*

457.    Restatement Third of Agency, section 7.05(1) states: "A principal who conducts an activity through an agent is subject to liability for harm to a third party caused by the agent's conduct if the harm was caused by the principal's negligence in selecting, hiring, retaining, supervising or otherwise controlling the agent."

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 115 of 144

458.    If an employee acts under the direction of his or her employer, the employer participates in the act, and the employer's liability is based on the employer's own fault, rather than on respondeat superior or vicarious liability. See *Jensen v. Southern Pac. Co. (1954) 129 Cal. App. 2d 67, 70, 276 P.2d 703.*

459.    Greater damages against employer than against the supervisory employees could be made when evidence supports a finding that the employer participated in the discriminatory conduct through the ratification of its employee's conduct. See *Roberts v. Ford Areospace & Commc'ns Corp. (1990) 224 Ca. App. 3d 793, 800-802.*

460.    Where an employer ratifies his or her employee's negligent or intentional tort, the employer is subject to direct liability. By ratifying the employee's tortious conduct, the employer makes the conduct his or her own. See *Jameson v. Gavett (1937) 22 Cal. App. 2d 646, 651-652, 71 P.2d 937.*

461.    An employer's conduct with respect to his or her employee's tortious act, or the employer's knowledge of the tortious act, can support a finding that the employer ratified the tortious conduct. See *Jameson v. Gavett (1937) 22 Cal. App. 2d 646, 651-652, 71 P.2d 937; Coats v. Construction & Gen. Laborers Local No. 185 (1971) 15 Cal. App. 3d 908, 913-915, 93 Cal. Rptr. 639.*

462.    The doctrine of respondeat superior provides that an employer or principal is vicariously liable for the wrongful conduct of his or her employees or agents committed within the scope of the employment or agency. See *Perez v. Van Groningen & Sons, Inc. (1986) 41 Cal. 3d 962, 967, 227 Cal. Rptr 106, 719 P.2d 676.*

463.    An employee is one who is subject to his or her employer's right of control with respect to any act, labor, or work to be done in the course and scope of the employment. If a person is performing work and labor for another, a prima facie showing of an employer/employee relationship

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 116 of 144

is established, and the person is presumed to be an employee in the absence of contrary evidence. See *Gipson v. Davis Realty Co. (1963) 215 Cal. App. 2d 190, 205, 30 Cal. Rptr. 253; Pierson v. Holly Sugar Corp. (1951) 107 Cal. App. 2d 298, 301, 237 P.2d 28.*

464.    The key factor in determining whether an employer/employee relations exists rather than an independent contractor relationship is whether the employer has the right to exercise control over the employee with respect to the means and manner of the performance of the work, regardless of whether or not that potential control is actually exercised with respect to all of the employee's duties. The fact that there is a certain amount of freedom inherent in the nature of the employee's work does not mean that an employment relationship does not exist. See *City of Los Angeles v. Vaughn (1961) 55 Cal. 2d 198, 201, 10 Cal. Rptr 457, 358 P.2d 913; Societa per Azioni de Navigazione Italia v. City of Los Angeles (1982) 31 Cal. 3d 446, 458, 183 Cal. Rptr. 51 645 P.2d 102; Briggs v. Lawrence (1991) 230 Cal App. 3d 605, 615, 281 Cal. Rptr. 578.*

465.    Under the doctrine of respondeat superior, an employer is vicariously liable for the torts committed by his or her employees, provided that the torts are committed within the scope of the employment. See *Munyon v. Ole's, Inc. (1982) 136. App. 3d 697, 701, 186 Cal. Rptr. 424.*

466.    Specific conduct by an employee is considered to be within the scope of his or her employment if either: (1) the employee's act or conduct was "foreseeable;" or (2) the employee's act or conduct was required by or incident to his or her duties, regardless of whether it could be foreseen by the employer. See *Jeffrey E. v. Central Baptist Church (1988) 197 Cal. App. 3d 718, 243 Cal. App. 3d 718, 722, 243 Cal. Rptr. 128; Alma W. v. Oakland Unified Sch. Dist. (1981) 123 Cal. App. 3d 133, 141-142, 176 Cal. Rptr. 287; Golden W. Broadcasters Inc. v. Superior Court (1981) 114 Cal. App. 3d 947, 956-957, 171 Cal. Rptr. 98.*

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 117 of 144

467.   Regardless of whether the employee's conduct was foreseeable, the conduct will be found to be within the scope of employment if there is a sufficient nexus between the conduct and the duties of his or her employment. See *Jeffrey E. v. Central Baptist Church (1988) 197 Cal. App. 3d 718, 722, 243 Cal. Rptr. 128; Munyon v. Ole's Inc. (1982) 136 Cal. App. 3d 697, 701, 186 Cal. Rptr. 424; Golden W. Broadcasters, Inc. v. Superior Court (1981) 114 Cal. App. 3d 947, 956, 171 Cal. Rptr. 95; Alma W. v. Oakland Unified Sch. Dist. (1981) 123 Cal App. 3d 133, 139, 176 Cal. Rptr. 287.*

468.   An employee's conduct is foreseeable if the conduct is not so unusual or starling that it would seem unfair to include the loss resulting from such conduct among the other costs of the employer's business. See *Mary M. v. City of Los Angeles (1991) 54 Cal. 3d 202, 209, 285 Cal. Rptr. 99, 814 P.2d 1341; Perez v. Van Groningen & Sons, Inc. (1986) 41 Cal. 3d 962, 968, 227 Cal. Rptr. 106, 719 P.2d 676; Alma W. v. Oakland Unified Sch. Dist. (1981) 123 Cal. App. 3d 133, 141-142; Golden W. Broadcasters, Inc. v. Superior Court (1981) 114 Cal. App. 3d 947, 956-957, 171 Cal. Rptr. 95.*

469.   The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment. Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship.

470.   Each Defendant had the authority to supervise, prohibit, control, and/or regulate the other Defendants so as to prevent these acts and omissions from occurring.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 118 of 144

471.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers that Defendants were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with respect to Plaintiffs Arogant Hollywood and Alison Helen Fairchild by:

a.  Failing to exercise due care under the circumstances;

b.  Failing to sufficiently monitor Plaintiffs' interaction with Studio Lodge Hotel personnel;

c.  Failing to properly train Studio Lodge Hotel staff to ensure the safety of Plaintiffs Arogant Hollywood and Alison Helen Fairchild

d.  Failing to institute and/or enforce adequate policy and procedure to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild from abuse by all Studio Lodge Hotel employees, and
All other JOHN DOE and/or JANE DOE defendants;

e. Intentionally renting a room to Plaintiffs in which Plaintiff Fairchild could not use the bathroom without first crawling out of her wheelchair.

f.  Failing to use discretion when booking rooms, thus creating a very unsafe environment by booking rooms to drug addicts and street prostitutes.

g.  Intentionally refusing to rent to Plaintiffs for no reason at all, for no cause of wrongdoing on the part of either Plaintiffs.

h.  Condoning all wrongful acts alleged throughout this complaint done by employees of Defendants Carasso Family Trust and Studio Lodge Hotel

i.  Failing to institute and/or enforce adequate policy and procedure to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild from abuse by all Studio Lodge Hotel employees, and
All other JOHN DOE and/or JANE DOE defendants;

j.  Intentionally failing to police and handle disruptive Studio Lodge Hotel guests that deliberately disturbed both Plaintiffs;

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 119 of 144

k.  Allowing and permitting Studio Lodge employees to disturb Plaintiffs at all sorts of times during the night and day, especially after 11 p.m.

l.  By forcefully removing both Plaintiffs from their residential hotel room;

m.  Any other particulars which may be shown at trial.

n. Mishandling its interactions with Plaintiffs with respect to the events alleged herein; and

o. Any other particulars which may be shown at trial.

472.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants knew or reasonably should have known that unless they intervened to protect Plaintiffs Hollywood and Plaintiff Fairchild, and properly supervise, prohibit, control and/or regulate the conduct of the other Defendants, those Defendants would perceive their acts and omissions as being ratified and condoned.

473.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants Carasso Family Trust and Studio Lodge Hotel failed to exercise due care by failing to supervise, prohibit, control, or regulate the remaining Defendants and/or by failing to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild. As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered and continued to suffer injuries and damages including, without limitations, embarrassment, humiliation, loss of their real property, pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees, all in the amount to be determined at trial.

474.    Defendants Carasso Family Trust and Studio Lodge Hotel failed to exercise due care by failing to supervise, prohibit control, or regulate the remaining Defendants and/or by failing to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 120 of 144

475.    Defendants Carasso Family Trust and Studio Lodge Hotel are liable to Plaintiff Arogant Hollywood for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

476.    Under the doctrine of respondeat superior, Defendants Carasso Family Trust and Studio Lodge Hotel and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs as aforesaid.

477.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel on the eighteenth cause of action of the Plaintiff's complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**NINETEENTH CAUSE OF ACTION--- GROSS NEGLIGENCE AS ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE.**

478.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-477.

479.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 121 of 144

480.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

481.    Gross negligence long has been defined in California and other jurisdictions as either a want of even scant care or an extreme departure from the ordinary standard of conduct. See *City of Santa Barbara, supra, 41 Cal.4th at page 754.*

482.    Gross negligence is pleaded by alleging the traditional elements of negligence: duty, breach, causation, and damages. However, to set forth a claim for gross negligence the plaintiff must allege extreme conduct on the part of the defendant. See *Rosencrans v. Dover Images, Ltd. (2011) 192 Cal.App.4th 1072, 1082 [122 Cal.Rprt.3d 22].*

483.    The theory that there are degrees of negligence has been generally criticized by legal writers, but a distinction has been made in this state between ordinary and gross negligence. Gross negligence has been said to mean the want of even scant care or an extreme departure from the ordinary standard of conduct. See *Van Meter v. Bent Constr. Co. (1956) 46 Cal.2d 588, 6=594 [297 P.2d 644]; Donnelly v. Southern Pac. Co, 18 Cal.2d 863, 871 [118 P.2d 4651].*

484.    Prosser on Torts (1941) page 260, also cited by the *Van Meter* court for its definition of gross negligence, reads as follows. Gross Negligence. This is very great negligence, or the want of even scant care. It has been described as a failure to exercise even that care which a careless person would use. Many courts, dissatisfied with a term so devoid of all real content, have interpreted it as requiring willful misconduct, or recklessness, or such utter lack of all care as will be evidence of either—sometimes on the ground that this must have been the purpose of the legislature. But most courts have considered that gross negligence falls short of reckless disregard of consequences, and differs from ordinary negligence only in degree, and not in kind. ***So far as it has any accepted***

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 122 of 144

*meaning, it is merely an extreme departure from the ordinary standard of care.* See *Decker v. City of Imperial Beach (1989) 209 Cal.App.3d at page 358.*

485.    Defendants Carasso Family Trust and Studio Lodge Hotel. were grossly negligent by failing to police and monitor illegal activities taking place on the premises of their residential hotel Studio Lodge Hotel.

486.    Defendants Carasso Family Trust and Studio Lodge Hotel were grossly negligent by intentionally placing Plaintiff Alison Helen Fairchild into a non-accessible residential hotel room.

487.    Defendants Carasso Family Trust and Studio Lodge Hotel were grossly negligent by creating harmful, dangerous and unsafe living environments for Plaintiffs and other guests of Studio Lodge Hotel

488.    Defendants Carasso Family Trust and Studio Lodge Hotel were grossly negligent by placing Plaintiffs in an uninhabitable residential hotel room, and then failing to make any necessary repairs even after cited for health, safety, and building code violation by city of Los Angeles and county of Los Angeles agencies.

489.    Defendants Carasso Family Trust and Studio Lodge Hotel were grossly negligent by forcefully removing by Plaintiffs from their residential hotel room.

490.    Defendants Carasso Family Trust and Studio Lodge Hotel by threatening to remove a disabled/handicapped Alison Helen Fairchild from her residential hotel room for no reason at all.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 123 of 144

491.    Defendants Carasso Family Trust and Studio Lodge Hotel were grossly negligent by refusing to accept further rental payments from Plaintiffs even though they had engaged in zero wrongdoing at the Studio Lodge Hotel.

492.    Defendants Carasso Family Trust and Studio Lodge Hotel are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

493.    Under the doctrine of respondeat superior, Defendants Carasso Family Trust and Studio Lodge Hotel and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs as aforesaid.

494.    **WHEREFORE,** Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendant Carasso Family Trust and Studio Lodge Hotel. on the nineteenth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**TWENTIETH CAUSE OF ACTION---NEGLIGENT INTENTIONAL INFLICTION OF EMOTION DISTRESS ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE**

495.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-494.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 124 of 144

496.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

497.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

498.    This cause of action is brought against Defendants Carasso Family Trust and Studio Lodge Hotel due to its intentional and willful violations of Plaintiffs' civil rights.

499.    The California Supreme Court has allowed plaintiffs to bring negligent infliction of emotion distress actions as "direct victims" in only three types of factual situations: (1) the negligent mishandling of corpses *(Christensen v. Superior Court (1991) 54 Cal. 3d 868, 879 [2 Cal. Rptr. 2d 79, 820 P.2d 181]*, (2) negligent misdiagnosis of a disease that could potentially harm another *(Molien v. Kaiser Foundation Hospitals (1980) 27 Cal.3d 916, 923 [167 Cal. Rptr. 831, 616 P.2d 813]*; and (3) the negligent breach of a duty arising out of a preexisting relationship.

500.    The landlord-tenant relationship between Defendants Carasso Family Trust and Studio Lodge Hotel and Plaintiffs Arogant Hollywood and Alison Helen Fairchild qualifies this action to fall under the third type of factual situation that states a cause of action for negligent intentional infliction of emotional distress.

501.    The negligent causing of emotional distress is not an independent tort but the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply. Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability. See

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 125 of 144

*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc. (1989) 48 Cal. 3d 583, 588 [257 Cal. Rptr. 98, 770 P.2d 278.*

502.    Direct victim cases are cases in which the plaintiff's claim of emotional distress is not based on witnessing an injury to someone else, but rather is based upon the violation of a duty owed directly to the plaintiff. See *Wooden v. Raveling (1998) 61 Cal. App. 4th 1035, 1038 [71 Cal. Rptr 2d 891].*

503.    Duty is found where the plaintiff is a direct victim, in that the emotional distress damages result from a duty owed the plaintiff that is assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two. See *McMahon v. Craig (2009) 176 Cal App 4th 222, 230 [97 Cal Rptr 3d 555].*

504.    In a negligence action, damages may be recovered for serious emotional distress unaccompanied by physical injury. "We agree that the unqualified requirement of physical injury is no longer justifiable. See *Mollien, supra, 27 Cal. 3d at page 927-928.*

505.    The court in Mollien also decided: "[S]erious mental distress may be found where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case. *Molien, supra, 27 Cal. 3d at pp. 927-928.*

506.    A sufficient guarantee of genuineness exists and a court may thus adjudicate a negligence claim for mental distress if the facts show that the plaintiff suffered substantial damage apart from the alleged emotional injury. See *Jarchow v. Transamerica Title Ins. Co. (1975) 48 Cal. App. 3d 917, 937, 122 Cal. Rptr. 470.*

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 126 of 144

507.    A defendant's conduct need not be outrageous, the strongest assurance of the validity of a claim is the link between the tortious conduct and the emotional injury. See *Mercado v. Leong (1996) 43 Cal. App. 4th 317, 326, 50 Cal. Rptr. 2d 569.*

508.    Defendants Carasso Family Trust and Studio Lodge Hotel committed acts that constituted extreme and outrageous conduct, including discriminating against Plaintiffs Arogant Hollywood and Alison Helen Fairchild, attempting to wrongfully evict them, failing to make necessary repairs to Plaintiffs' residential hotel room, failing to police dangerous and hazardous trespassers and Studio Lodge Hotel guests, allowing Studio Lodge Hotel guests and employees to make excessive noise and intentionally failing to place Plaintiff Alison Helen Fairchild in a wheelchair accessible residential hotel room.

509.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild were both present at the time of alleged discrimination and mistreatment.

510.    Defendants Carasso Family Trust and Studio Lodge Hotel were the cause of Plaintiffs' severe emotional distress.

511.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered and will continue to suffer humiliation, shame, despair, embarrassment, loss of their real property, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at the time of trial.

512.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Carasso Family Trust and Studio Lodge Hotel, Plaintiffs have incurred attorney's fees in an amount to be determined, for which Plaintiffs claims a sum to be established according to proof.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 127 of 144

513.    The conduct of Defendants Carasso Family Trust and Studio Lodge Hotel and its employed agents and employees as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiffs' civil rights, and done by managerial employees of Defendants Carasso Family Trust and Studio Lodge Hotel. Plaintiffs are thereby entitled to an award of punitive damages against Defendants Carasso Family Trust and Studio Lodge Hotel in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

514.    Defendants Carasso Family Trust and Studio Lodge Hotel harmful acts alleged in paragraphs 1-513. were all the only causes of Arogant Hollywood and Alison Helen Fairchild's severe emotional distress.

515.    Under the doctrine of respondeat superior, Defendants Carasso Family Trust and Studio Lodge Hotel and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given that Defendants Carasso Family Trust and Studio Lodge Hotel and possibly others', intentional infliction of emotional distress upon Plaintiffs Arogant Hollywood and Alison Helen Fairchild as aforesaid.

516.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Carasso Family Trust and Studio Lodge Hotel and DOES 1-20, inclusive, on the twentieth cause of action of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

## TWENTY-THIRD CAUSE OF ACTION---DECLARATORY RELIEF SOUGHT BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 128 of 144

517.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-516.

518.   At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of STUDIO LODGE HOTEL that was current on her rent every single week, and never submitted a late rental payment whatsoever.

519.   At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

520.   An actual controversy now exists in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild are informed and believes and thereon alleges that Defendants Carasso Family Trust, Studio Lodge Hotel, and DOES 1-20, inclusive, are in violation of the laws of the United States including but not limited to, Title II of the Civil Rights Act of 1968 and American Disabilities Act of 1990.

521.   A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends and Defendants Carasso Family Trust and Studio Lodge Hotel deny that Defendants are required to modify his policies, practices and procedures at Defendants' residential hotel building located at: 11254 Vanowen Street, Los Angeles, CA 91605. Defendants Carasso Family Trust and Studio Lodge Hotel deny that Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered discrimination because of Defendants Carasso Family Trust and Studio Lodge Hotel's failure to modify practices, policies and procedures and/or that Plaintiffs are entitled to injunctive relief under federal law.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
-Page 129 of 144

522.    A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends and Defendants Carasso Family Trust and Studio Lodge Hotel deny that Defendants are required to rent, negotiate and accept Plaintiffs as tenants at Defendants' residential hotel building located at: 11254 Vanowen Street, Los Angeles, CA 91605, pursuant to Title II of the Civil Rights Act of 1968, and in regards to Plaintiff Fairchild, the American Disabilities Act of 1990. Defendants Carasso Family Trust and Studio Lodge Hotel deny that Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered discrimination because of Defendants' refusal to rent, negotiate and accept Plaintiffs as tenants at Defendants' rental unit located at: 11254 Vanowen Street, Los Angeles, CA 91605, and/or that Plaintiffs are entitled to injunctive relief under federal law.

523.    A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends that Defendants unlawful and discriminatory business practices which Defendants' actions are in direct violation of Title II of the Civil Rights Act of 1968 and American Disabilities Act of 1990. Plaintiffs contend that Defendants Carasso Family Trust and Studio Lodge Hotel deny any wrongdoing alleged within this federal complaint for damages. Plaintiffs contends that they are a part of protected class of U.S. citizens which have been injured by Defendants Carasso Family Trust and Studio Lodge Hotel and Plaintiffs avers they will continue to be injured and suffer damages by the actions of Defendants Carasso Family Trust and Studio Lodge Hotel unless this Court takes immediate action.

524.    A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends that Defendants Carasso Family Trust and Studio Lodge Hotel. have discriminated against both Plaintiffs and employed unlawful tactics in attempts to remove Plaintiffs from their current residence. Plaintiffs contend that they both have suffered discrimination and a violation of their constitutional civil rights which give them protection from Carasso Family Trust and Studio Lodge Hotel unlawful conduct pursuant to Title II of the Civil Rights Act of 1968 and

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 130 of 144

Title III American Disabilities Act of 1990. Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends that Defendants Carasso Family Trust and Studio Lodge Hotel deny that Defendants are required to stop attempting to evict both Plaintiffs through discriminatory, unlawful and illegal tactics, that all point to a direct violation of the constitutional civil rights of Plaintiffs Arogant Hollywood and Alison Helen Fairchild pursuant to the Civil Rights Act of 1968 and American Disabilities Act of 1990.

525.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild prays for declaratory judgment and relief against Defendants Carasso Family Trust and Studio Lodge Hotel as set forth herein.

**TWENTY-FOURTH CAUSE OF ACTION---INJUNCTIVE RELIEF SOUGHT BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD TO ENJOIN DEFENDANTS CARASSO FAMILY TRUST, STUDIO LODGE HOTEL & DOES 1-20, INCLUSIVE**

526.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-527.

527.    At all relevant times stated in this lawsuit Alison Helen Fairchild was a paying residential tenant of studio that was current on her rent every single week, and never submitted a late rental payment whatsoever.

528.    At all relevant times stated in this lawsuit Arogant Hollywood was a paying residential tenant of STUDIO LODGE HOTEL that was current on his rent every single week, and never submitted a late rental payment whatsoever.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 131 of 144

529.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild will suffer irreparable harm unless Defendants Carasso Family Trust and Studio Lodge Hotel and all its employed agents are ordered to modify policies, practices and procedures regarding the admission of African-American men and disabled women to conform with the rights and privileges provided by the statutes and regulations referenced herein, above, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have no adequate remedy at law to redress the discriminatory conduct of Defendants Carasso Family Trust and Studio Lodge Hotel

530.   The general public will irreparable harm unless Defendants Carasso Family Trust and Studio Lodge Hotel are ordered to stop frivolous, unlawful, unconstitutional and discriminatory business practices in the state of California. Many minorities and disabled persons will suffer irreparable harm and a violation of their civil rights under Title II of the Civil Rights Act of 1968, and Title III of the American Disabilities Act of 1990. Unless Defendants Carasso Family Trust and Studio Lodge Hotel are ordered to stop forcing tenants to check out of its residential hotel called Studio Lodge Hotel, and are ordered to cease its plans to wrongfully remove Plaintiffs Arogant Hollywood and Alison Helen Fairchild for their residential hotel room.

531.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild therefore seeks injunctive relief to redress the injuries suffered at the hands of Defendants Carasso Family Trust and Studio Lodge Hotel and all its employed agents.

532.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild therefore seeks injunctive relief to redress the injuries suffered at the hands of Defendants Carasso Family Trust and Studio Lodge Hotel and for the sake of protecting the general public of protected class of Americans by enforcing Title II of the Civil Rights Act of 1968 and Title III of American Disabilities Act of 1990, punishing Defendants for fraudulent, oppressive, malicious and discriminatory conduct.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 132 of 144

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild respectively prays for judgment on the above-alleged causes of action against Defendants Carasso Family Trust and Studio Lodge Hotel as follows:

1. An order enjoining Defendants Carasso Family Trust and Studio Lodge Hotel from violating Title II of the Civil Rights Act of 1968, of the United States;

2. That the Court declare the respective rights and duties of Plaintiff Arogant Hollywood and Defendants Carasso Family Trust and Studio Lodge Hotel as to the modifications of Defendant's policies, practices and procedures regarding the reasonable accommodation of an African-American male who has been discriminated against by Defendants.

3. That the Court declare the respective rights and duties of Plaintiff Alison Helen Fairchild and Defendants Carasso Family Trust and Studio Lodge Hotel as to the modifications of Defendant's policies, practices and procedures regarding the reasonable accommodation of a Caucasian disabled woman who has been discriminated against by Defendants.

4. Enter a declaratory judgment finding that Defendants Carasso Family Trust and Studio Lodge Hotel actions described above constitute discrimination based on Plaintiff Arogant Hollywood's race, national origin, ethnicity, or ancestry, and violate 42 U.S.C.S. §§ 1981, 1985 and 1986.

5. Enter a declaratory judgment finding that Defendants Carasso Family Trust and Studio Lodge Hotel actions described above constitute discrimination based on Plaintiff Alison Helen Fairchild's disability and/or handicap, and violate 42 U.S.C. §§ 1981, many state laws, and American Disabilities Act of 1990.

6. Declare that Defendants Carasso Family Trust and Studio Lodge Hotel conduct in refusing to rent to Plaintiff Arogant Hollywood violates non-discrimination provisions of Title II of the Civil Rights Act of 1968;

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 133 of 144

7.  Declare that Defendants Carasso Family Trust and Studio Lodge Hotel 's conduct in refusing to rent to Plaintiff Alison Helen Fairchild violates non-discrimination provisions of Title II of American Disabilities Act of 1990;

8.  Enter a permanent injunction directing Defendants Carasso Family Trust and Studio Lodge Hotel to take all affirmative steps necessary to remedy the effects of illegal, discriminatory conduct described herein to prevent similar occurrences in the future against Plaintiffs.

9.  Enter a permanent injunction directing Defendants Carasso Family Trust and Studio Lodge Hotel to rent, negotiate and accept rental payments from Plaintiffs at real property premises 11254 Vanowen Street, Los Angeles, California;

10. An order awarding Plaintiff Alison Helen Fairchild actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for each and every day Defendants Carasso Family Trust and Studio Lodge Hotel refused to rent to Plaintiff Fairchild, and damages for discrimination for each day since Plaintiff was forced out of her residential hotel room on January 27th 2017.

11. An order awarding Plaintiff Arogant Hollywood actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for each and every day Defendants Carasso Family Trust and Studio Lodge Hotel refused to rent to Plaintiff Hollywood.

12. An order awarding Plaintiff Alison Helen Fairchild actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for each and every day Defendants Carasso Family Trust and Studio Lodge Hotel refused to rent to Plaintiff Hollywood.

13. An order awarding Plaintiff Arogant Hollywood actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for each and every day Plaintiff was discriminated against and treated differently than other similarly situated white tenants.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 134 of 144

14.     Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Carasso Family Trust and Studio Lodge Hotel misconduct alleged in this Complaint;

15.     Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Carasso Family Trust and Studio Lodge Hotel misconduct alleged in this Complaint;

16.     Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Carasso Family Trust and Studio Lodge Hotel for the intentional, willful, wanton, and reckless misconduct alleged in the Complaint and that would effectively deter Defendant from future discriminatory behavior;

17.     Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Carasso Family Trust and Studio Lodge Hotel for the intentional, willful, wanton, and reckless misconduct alleged in the Complaint and that would effectively deter Defendants from future discriminatory behavior;

18.     Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the court deems just and proper;

19.     Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Carasso Family Trust and Studio Lodge Hotel misconduct alleged in this Complaint;

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 135 of 144

20. Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Mr. Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Carasso Family Trust and Studio Lodge Hotel misconduct alleged in this Complaint;

21. Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Carasso Family Trust and Studio Lodge Hotel for the intentional, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants Carasso Family Trust and Studio Lodge Hotel from future discrimination behavior;

22. Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Carasso Family Trust and Studio Lodge Hotel for the intentional, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendants Carasso Family Trust and Studio Lodge Hotel from future discrimination behavior;

23. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for being deprived of her right to live at 11254 Vanowen Street, Los Angeles, CA 91605, and make or enforce contracts as a tenant of landlord/Defendants Carasso Family Trust and Studio Lodge Hotel regardless of her perceived disability, including damages for fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury;

24. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for being deprived of his right to live at 11254 Vanowen Street, Los Angeles, CA 91605, and make or enforce contracts as a tenant of landlord/Defendants Carasso Family Trust and Studio Lodge Hotel regardless of his perceived race, color, national origin, ethnicity, or ancestry, including damages for fear, humiliation, embarrassment, mental

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 136 of 144

1   aguish, pain and suffering, inconvenience, and financial injury;

2   25.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to

3         compensate her for the torts of negligent intentional infliction of emotional distress, as

4         alleged against Defendants Carasso Family Trust and Studio Lodge Hotel

5   26.   Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to

6         compensate him for the torts of negligent intentional infliction of emotional distress, as

7         alleged against Defendants Carasso Family Trust and Studio Lodge Hotel.

8   27.   Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to

9         compensate him for the torts of negligent supervision and/or retention as alleged against

10        Defendants Carasso Family Trust and Studio Lodge Hotel;

11  28.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to

12        compensate her for the torts of negligent supervision and/or retention of emotional distress as

13        alleged against Defendants Carasso Family Trust and Studio Lodge Hotel;

14  29.   Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to

15        compensate him for the torts of gross negligence; as alleged against Defendants Carasso

16        Family Trust and Studio Lodge Hotel;

17  30.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to

18        compensate her for the torts of gross negligence; as alleged against Defendants Carasso

19        Family Trust and Studio Lodge Hotel;

20  31.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to

21        compensate her for the torts of civil conspiracy as alleged against Defendants Carasso Family

22        Trust and Studio Lodge Hotel;

23  32.   Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to

24        compensate him for the torts of civil conspiracy as alleged against Defendants Carasso

25        Family Trust and Studio Lodge Hotel;

26

27

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 137 of 144

33.  Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the torts of false imprisonment as alleged against Defendants Carasso Family Trust and Studio Lodge Hotel

34.  Award both Plaintiffs statutory damages in an amount equal to no less than three times Plaintiff's damages, that would punish Defendants Carasso Family Trust and Studio Lodge Hotel for their malicious, willful, wanton, callous, and reckless conduct and effectively deter Defendants from engaging in similar conduct, including but not limited to, disability and racial discrimination, violations of Title II of the Civil Rights Act of 1968 and American Disabilities Act of 1990, in the future;

35.  Award Plaintiff Alison Helen Fairchild prejudgment and post-judgement interest;

36.  Award Plaintiff Arogant Hollywood prejudgment and post-judgment interest;

37.  For an order requiring Defendants to show cause, if any he/she/it has, why he/she/it should not be enjoined as hereinafter set forth, during the pendency of this action;

38.  For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining Defendants, each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them;

39.  Pursuant to 42 U.S.C. § 1981, *et seq*, 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Alison Helen Fairchild her reasonable attorneys' fees and costs;

40.  Pursuant to 42 U.S.C. § 1981, *et seq*, 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Arogant Hollywood his reasonable attorneys' fees and costs; and

41.  Order all other and further relief as the Court may deem equitable, just and proper.

**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**
**–Page 138 of 144**

**DEMAND FOR TRIAL BY JURY**

Plaintiff Alison Helen Fairchild demands a trial by jury for all issues triable by jury.

Plaintiff Arogant Hollywood demands a trial by jury for all issues triable by jury.


**Respectfully Submitted,**


**DATED:** February 12th 2017


*Arogant Hollywood*

**Arogant Hollywood**


*Alison Helen Fairchild*

**Alison Helen Fairchild**

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 139 of 144

**VERIFICATION OF PLAINTIFF AROGANT HOLLYWOOD**

United States of America

State of California

City of Los Angeles, California, Within the County of Los Angeles

I, **AROGANT HOLLYWOOD**, being duly sworn, say:

I, AROGANT HOLLYWOOD, am the lead plaintiff in the above-entitled action and proceeding. I have read the foregoing **VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY and INJUNCTIVE RELIEF for:  VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1968 [42 U.S.C. § 1981];VIOLATIONS OF [42 U.S.C. §§ 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 & 54.3, et seq (denial of full and equal access); VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE § 19955, et seq, VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights);; NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, VIOLATION CAL CIV CODE §§ 1159 & 1160** and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED

–Page 140 of 144

1   **I declare under the penalty of perjury under the laws of the United States of America that the**

2   **foregoing is true and correct.**

3

4   DATED: February 13ᵗʰ 2017

5                                    Arogant Hollywood

6                               **Arogant Hollywood, Plaintiff in Lawsuit**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 141 of 144

**VERIFICATION OF PLAINTIFF ALISON HELEN FAIRCHILD**

United States of America

State of California

City of Los Angeles, California, Within the County of Los Angeles

I, **ALISON HELEN FAIRCHILD**, being duly sworn, say:

I, ALISON HELEN FAIRCHILD, am a plaintiff in the above-entitled action and proceeding. I have read the foregoing **VERIFIED COMPLAINT FOR DAMAGES AND DECLARATORY and INJUNCTIVE RELIEF for:  VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1968 [42 U.S.C. § 1981];VIOLATIONS OF [42 U.S.C. §§ 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 & 54.3, et seq (denial of full and equal access); VIOLATION OF CALIFORNIA HEALTH & SAFETY CODE § 19955, et seq, VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights);; NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, VIOLATION CAL CIV CODE §§ 1159 & 1160;** and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 142 of 144

1   I declare under the penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3

4   DATED: *February 13, 2017*

5                                                                                 *Alison Helen Fairchild*

6                                                                         **Alison Helen Fairchild, Plaintiff in Lawsuit**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED
–Page 143 of 144

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Verified Complaint for Damages and Declaratory and Injunctive Relief for Violations of of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12101, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., Violation of Cal Health & Saf § 19955, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code §§ 51.7, 52.1, 42 U.S.C. § 1981, 1985, & 1986, Violation of Cal Civ Code Proc §§ 1159 & 1160, Civil Conspiracy, Negligence, Negligent Retention, Gross Negligence, Negligent IIED, Negligent IIED**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
|---|---|
| AROGANT HOLLYWOOD,<br>ALISON HELEN FAIRCHILD, | CARASSO FAMILY TRUST (Doing Business as Studio Lodge Hotel, DOES 1-10, Inclusive |

| **(b)** County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant   Los Angeles |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| **(c)** Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.<br>Arogant Hollywood<br>Alison Helen Fairchild<br>1308 E. Colorado Blvd., Pasadena, CA 91106 | Attorneys (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information. |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multidistrict Litigation - Transfer

☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C.S. §§ 1981, 1985, & 1986. 42 U.S.C.S. §§ 12101, 12203

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☒ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 443 Housing/Accommodations | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

| FOR OFFICE USE ONLY: | Case Number: | | |
|---|---|---|---|
| CV-71 (07/16) | | CIVIL COVER SHEET | Page 1 of 3 |

CV17-1143

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☒ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
|  | ☐ Orange | Southern |
|  | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | | |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question C.  If "yes," answer Question B.1, at right. | **B.1.**  Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|  | | ☐ NO.  Continue to Question B.2. |
|  | **B.2.**  Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
|  | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | | |
|---|---|---|
| ☐ Yes  ☒ No<br><br>If "no," skip to Question D.  If "yes," answer Question C.1, at right. | **C.1.**  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|  | | ☐ NO.  Continue to Question C.2. |
|  | **C.2.**  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
|  | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1.  Is there at least one answer in Column A?** | **D.2.  Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br><br>Enter "Southern" in response to Question E,  below, and continue from there.<br><br>If "no," go to question D2 to the right. ➡ | ☐ Yes  ☒ No<br><br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br><br>Enter "Eastern" in response to Question E,  below.<br><br>If "no," your case will be assigned to the WESTERN DIVISION.<br><br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E:  Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a).  IDENTICAL CASES**: Has this action been previously filed **in this court**?                    ☒ NO        ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?                    ☒ NO        ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐   A.  Arise from the same or a closely related transaction, happening, or event;

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  For other reasons would entail substantial duplication of labor if heard by different judges.

Note:  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐   A.  Arise from the same or a closely related transaction, happening, or event;

☐   B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C.  Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X.  SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT)**: *Aragant Hollywood / Alison Helen Fairchild*     DATE:   February 13th 2017

**Notice to Counsel/Parties:**  The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |